1  JEFFER MANGELS BUTLER & MITCHELL LLP
   ROBERT B. KAPLAN, P.C. (Bar No. 76950)
2  *rbk@jmbm.com*
   Two Embarcadero Center, 5th Floor
3  San Francisco, California 94111-3813
   Telephone:    (415) 398-8080
4  Facsimile:    (415) 398-5584

5  JEFFER MANGELS BUTLER & MITCHELL LLP
   THOMAS M. GEHER (Bar No. 130588)
6  *tmg@jmbm.com*
   1900 Avenue of the Stars, 7th Floor
7  Los Angeles, California 90067-4308
   Telephone:    (310) 203-8080
8  Facsimile:    (310) 203-0567

9  Attorneys for UMPQUA BANK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:19-bk-14626-NB |
| XELAN PROP 1, LLC, | Chapter 11 |
| Debtors. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER DISMISSING CHAPTER 11 CASE WITH PREJUDICE [11 U.S.C. SECTION 1112(b)]** |
| | Date:    April 30, 2019
Time:    2:00 p.m.
Place:   Courtroom 1545
          255 East Temple Street
          Los Angeles, CA |

65770193v1                                   1
MPA ISO MOT FOR ORDER DISMISSING CHAPTER 11 CASE WITH PREJUDICE [11 U.S.C. Section 1112(b)]

# INTRODUCTION

Umpqua Bank's ("Bank") Motion to Dismiss Chapter 11 Case with Prejudice (the "Motion") seeks an order from this Court dismissing the Chapter 11 case filed by XELAN Prop 1, LLC ("XELAN") on April 23, 2019, because (a) the case was filed by A. Kihagi, Manager of XELAN, **in pro per** in violation of Local Bankruptcy Rule 9001-2(a) and (b) XELAN knowingly made a **false statement i**n response to Section 9 of XELAN's Voluntary Petition by misrepresenting that XELAN had not filed any bankruptcy cases for the last eight years. XELAN fconcealed from this Court that it previously filed a Chapter 11 case, once again in pro per, in the United States Bankruptcy Court for the Northern District of California in December of 2017. XELAN's original Chapter 11 case was dismissed by that Bankruptcy Court in January of 2018 because XELAN had filed the case in pro per.

XELAN also failed to file a Statement of Related Cases as required by Local Bankruptcy Rule 1015-2(b)(1). Local Bankruptcy Rule 1015-2(b)(1) authorizes this Court to dismiss this case with prejudice as a result of this failure. The Court should do so, along with an order prohibiting XELAN from filing any future bankruptcy cases without representation by legal counsel.

As will be discussed in detail below, in a pending action filed by the Bank in San Francisco County Superior Court where a Receiver was appointed over the real property commonly known as 4018-4022 19th Street, San Francisco, California ("19th Street Property"), the Receiver recently obtained Orders from the Superior Court authorizing him to (a) sell the 19th Street Property for $4,550,00, a price achieved through a Superior Court marketing and overbid process, and (b) close the sale of the 19th Street Property, unless XELAN filed a motion for the Superior Court to set the amount of the supersedeas bond pursuant to Code of Civil Procedure section 917.4 and such a bond was filed. Rather than do so, XELAN filed this Chapter 11 case.

The automatic stay which has gone into effect as a result of the filing of this Chapter 11 case will cause irreparable harm to the receivership estate and its creditors, as the buyer of the 19th Street Property has the right to terminate his contract to purchase the 19th Street Property after April 24, 2019 and has strict time deadlines to close because the buyer has to complete a 1031 tax free exchange. Unless this Motion is granted and the XELAN Chapter 11 Case is dismissed, there

will be irreparable harm to the receivership estate and to creditors of XELAN.

## STATEMENT OF FACTS

The facts in support of this Motion are set forth in the accompanying Declaration of Robert B. Kaplan ("Kaplan Decl.").

**The Prior Chapter 11 Case Filed By XELAN In Pro Per In The United States Bankruptcy Court For The Northern District Of California On December 29, 2017**

On December 29, 2017, XELAN filed an in pro per Voluntary Petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California ("First XELAN Voluntary Petition"), which was assigned Case No. 17-31302 ("First XELAN Chapter 11 Case"). The First XELAN Voluntary Petition was signed by Anne Kihagi, Manager, **in pro per**. Kaplan Decl., ¶ 2, Exhibit 1.

On December 29, 2017, XELAN filed in the First XELAN Chapter 11 Case its List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders listing its only creditors as the Bank and the "CCSF", i.e., City and County of San Francisco, Office of the City Attorney. Kaplan Decl., ¶ 3, Exhibit 2.

On January 2, 2018, in the First XELAN Chapter 11 Case, the Honorable Judge Hannah L. Blumenstiel, issued an Order to Show Cause Re Dismissal for Lack of Counsel and scheduled a hearing thereon on January 18, 2018. Kaplan Decl., ¶ 4, Exhibit 3.

At the January 18, 2018 hearing on the Order to Show Cause, Anna Kihagi, Managing Member of XELAN and other LLCs that also filed **in pro per** Chapter 11 cases appeared, as did counsel for the City and County of San Francisco. The City and County of San Francisco previously had filed a lawsuit against XELAN, et al., alleging tenant harassment claims and violations of the City and County of San Francisco Municipal Code, Building Code, and State Housing Law. Kaplan Decl., ¶ 5, Exhibit 4, page 8, lines 7-24. Judge Blumenstiel noted during the course of the hearing that "This is a Federal Court, not a parking garage, and when you seek relief in the Bankruptcy Court, get significant protections because of that." Kaplan Decl. ¶ 5, Exhibit 4, page 5, lines 2-4).

At the conclusion of the hearing, Judge Blumenstiel ruled as follows (Kaplan Decl. ¶ 5

Exhibit 4, page 19, lines 6-17):

> THE COURT: Yeah. Okay. I'm going to dismiss these cases. I am not hearing enough justification for continuing the significant protections the Debtor has gotten so far without paying the price, which is, as I said at the outset of this hearing, transparency.
>
> And it is not clear to me these Debtors have a significant need for the automatic stay at this point, I'm not willing to delay the cases any further without any real confirmation of progress will be made in that period of time. So I will enter orders dismissing these cases due to the Debtors' failure to have counsel and to comply with court ordered deadlines.

On January 18, 2018, the Bankruptcy Court in the First XELAN Chapter 11 Case entered its Order Dismissing Case. Kaplan Decl., ¶ 6, Exhibit 5.

### The Lawsuit Filed By The Bank For Specific Performance And Appointment Of Receiver Over Two Real Properties Owned By XELAN

On March 12, 2018, the Bank filed its Verified Complaint ("Complaint") for: (1) Specific Performance and Appointment of Receiver; and (2) Specific Performance and Appointment of Receiver in San Francisco County Superior Court, Case No. CGC-18-564941 (the "San Francisco Receiver Action"). The Complaint sought to have a receiver appointed over the real properties commonly known as 1000-1022 Filbert Street, San Francisco, California ("Filbert Street Property") and 4018-4022 19th Street, San Francisco, California ("19th Street Property"). Kaplan Decl., ¶7, Exhibit 6.

Subsequently, in the San Francisco Receiver Action, the Bank filed an Ex Parte Application for Immediate Appointment of Receiver and Preliminary Injunction in Aid of Receiver, which was supported by the Declaration of Beverly Tengco in Support of Ex Parte Application for Immediate Appointment of Receiver and Preliminary Injunction in Aid of Receiver ("Tengco Decl."). Attached as Exhibits 7 and 8 to the Tencgo Declaration are that certain Promissory Note Secured by Deed of Trust dated June 13, 2013 executed by XELAN, by Anne Kihagi, its Managing Member, in favor of the Bank's predecessor-in-interest in the amount of $1,700,000 and a Deed of Trust and Absolute Assignment of Rents and Leases and Security Agreement (and Fixture Filing) dated as of June 13, 2013, with respect to the 19th Street Property. Kaplan Decl., ¶ 8, Exhibit 7.

On April 6, 2018, an Order Appointing Receiver, Injunction in Aid of Receiver was filed in the San Francisco Receiver Action ("Receiver Order") pursuant to which a Receiver was appointed over, inter alia, the 19th Street Property.  Kaplan Decl., ¶ 9, Exhibit 8.

The Receiver Order contains, inter alia, a Preliminary Injunction in Aid of Receiver which states in part as follows:

PRELIMINARY INJUNCTION IN AID OF RECEIVER

IT IS FURTHER ORDERED that the Defendant, and all persons and entities now in possession of any part of the Subject Properties and not holding under valid leases, or rental agreements, shall forthwith surrender their possession thereof to said Receiver, and that all tenants or lessees in possession of any part of the Subject Properties, and such other persons or entities as may be lawfully in possession thereof, are hereby directed to attorn as tenants, or lessees to said Receiver, and until further order of this Court, to pay over to said Receiver all rents, issues, income profits, revenues, and lease payments of the Subject Properties now due and unpaid or that may hereafter become due, and all persons and entities liable for such rents, issues, income, profits, revenues, royalties or lease payments are hereby enjoined and restrained from paying any rents, issues, income, profits, revenues, royalties, storage unit rentals or lease payments for the Subject Properties to the Defendant, its agents, servants or attorneys.

IT IS FURTHER ORDERED that the Defendant and its agents, employees and representatives, and all persons or entities acting under or in concert with the Defendant, are restrained and enjoined from engaging in or performing, directly or indirectly, any or all of the following acts:

1.    Demanding, collecting, receiving or in any other way diverting or using any of the rents, issues, income, profits, revenues, royalties or lease payments emanating from the Subject Properties;

2.    Interfering with or hindering in any way whatsoever the Receiver in the performance of the Receiver's duties herein described and in the performance of any duties incident thereto;

3.    Interfering in any manner with the Subject Properties, including its possession;

4.    Transferring, conveying, assigning, pledging, deeding, selling, renting, leasing, **encumbering**, changing ownership of, vesting of title to, or otherwise disposing of the Subject Properties; and

5.    Terminating or otherwise affecting any of the utilities which service the Subject Properties. (Emphasis added.)  Kaplan Decl., ¶ 10

On March 5, 2019, the Bank filed in the San Francisco Receiver Action its Notice of Motion and Motion for Order (1) Instructing Receiver to Sell Real Property Asset Receivership Estate; and (2) Confirming Sale of Real Property [4018-4022 19th Street, San Francisco, CA] and,

inter alia, a Declaration of Kevin Singer ("Singer Decl.") in support thereof (the "19th Street Sale Motion"), seeking an Order instructing the Receiver appointed in the San Francisco Receiver Action to sell the 19th Street Property. Attached as Exhibit 3 to the Singer Decl. was the San Francisco Purchase Agreement which was executed by the proposed buyer of the 19th Street Property for the amount of $3,650,000. Addendum A thereto stated in part as follows:

> If this transaction does not close on or before [**April 24, 2019**] . . . Buyer shall have the right to terminate this Agreement by written notice delivered to Seller during the period commencing on [April 24, 2019] . . . ., and ending 3 business days following receipt of notice thereof from Seller in which event a Deposit shall be immediately returned to Buyer. (Emphasis added.) Kaplan Decl., ¶ 11, Exhibit 9, page 412.

A hearing was held on the 19th Street Sale Motion on April 10, 2019 in the San Francisco Receiver Action and the Motion was granted pursuant to an Order which was filed on April 15, 2019 ("19th Street Sale Order"). The 19th Street Sale Order authorized the Receiver to sell the 19th Street Property to the proposed buyer for the price of $4,550,000, as a result of overbidding which occurred at the April 10, 2019 hearing. Kaplan Decl., ¶ 12, Exhibit 10

During the course of the hearing conducted on the 19th Street Sale Motion, the Honorable Charles Haines, Judge presiding, stated as follows as set forth on page 5, lines 20-21 of the transcript of the hearing on the 19th Street Sale Motion:

> THE COURT: Wasn't there an injunction saying they couldn't encumber the property?

This comment was made in response to the fact that XELAN had recorded a junior deed of trust against the 19th Street Property in violation of the provisions of the Preliminary Injunction in Aid of Receiver set forth above. Kaplan Decl., ¶ 13, Exhibit 11.

Subsequently, XELAN filed in the San Francisco Receiver Action a Notice of Appeal from the Order Granting the 19th Street Sale Motion and a Notice of Stay ("Notice of Stay"). The Notice of Stay contended that the Receiver's ability to close a sale of the 19th Street Property as authorized by the 19th Street Sale Order was automatically stayed by the Notice of Appeal filed by XELAN from the 19th Street Sale Order. Kaplan Decl., ¶ 14, Exhibit 13.

On April 22, 2019, the Receiver filed an Ex Parte Application for Issuance of Order: 1. Providing Instructions Re Defendant XELAN Prop 1, LLC's Violation of Preliminary

Injunction; 2. Determining That Court Ordered Sale of Receivership Real Property Has Not Been Stayed Because No Supersedeas Bond Has Been Posted; and 3. Authorizing Receiver to Retain Counsel in the San Francisco Receiver Action (the "Receiver Ex Parte Application "). The Receiver Ex Parte Application sought an Order from the Superior Court in the San Francisco Receiver Action no stay in effect preventing the Receiver from closing the sale of the 19th Street Property as authorized by the 19th Street Sale Order, absent the filing of a bond by XELAN in an amount to be determined by the Superior Court. Page 12 of the Receiver Ex Parte Application noted on page 12, section 28 as follows:

> As set forth above, my contractual obligation with the Buyer specifies that the sale close on or before April 24, 2019. While it is not guaranteed that Buyer will immediately cancel the sale after April 24th, there is a grave danger of that occurring. If the sale is lost – as I fear it will be as a result of Buyer's strict timing requirements related to its 1031 exchange – the Receivership Estate will lose an excellent sale approved by this Court after significant marketing and overbidding at hearing, and will unquestionably by significantly harmed. Kaplan Decl., ¶ 15, Exhibit 14.

On April 22, 2019, the Superior Court in the San Francisco Receivership Action entered an Order granting the Receiver's Ex Parte Application (the "No Stay Order"), which ordered, inter alia, that the Receiver was authorized to close the sale of the 19th Street Property as set forth in the 19th Street Sale Order and stated in part that:

> [A]ny individual wishing to effectuate a stay of the proposed sale of 19th Street must first apply to this Court to set the amount of supersedeas bond pursuant to California Code of Civil Procedure § 917.4  Until the time as the amount of such bond is set and the bond is posted in that amount by the appellant, the Receiver is free to close the sale of 19th Street. Kaplan Decl., ¶ 16, Exhibit 15.

The No Stay Order further authorized the Receiver to sell the 19th Street Property free and clear of the deed of trust recorded by XELAN in violation of the Receiver Order, Preliminary Injunction. Kaplan Decl., ¶ 17.

To date, (a) XELAN has not filed any motion in the San Francisco Receiver Action to stay the sale of the 19th Street Property and have the Superior Court determine the amount of any bond and (b) the Superior Court has not made any rulings with respect to a supersedeas bond to stay the 19th Street Sale Order. Id.

### The Second XELAN Chapter 11 Case

On April 23, 2019, XELAN filed a Voluntary Petition for Non-Individual Filing Bankruptcy in the United States Bankruptcy Court for the Central District of California ("Second XELAN Voluntary Petition"), Case No. 2:19-bk-14626-NB ("Second XELAN Chapter 11 Case"). The Second XELAN Voluntary Petition had the following deficiencies:

    a.    The Second XELAN Voluntary Petition was filed in pro per by and signed by Anne Kihagi, Manager; and

    b.    Section 9 of the Second XELAN Voluntary Petition **failed to disclose** to the Court the First XELAN Chapter 11 Case previously filed in 2017 and stated as follows:

> Were prior bankruptcy cases filed by or against the debtor within the last eight years?
> ☒ No.
> Kaplan Decl., ¶ 18, Exhibit 16.

The Second XELAN Voluntary Petition filed by XELAN did not include a Statement of Related Cases, as required by Central District Local Bankruptcy Rule 1015-1(b)(1)  Kaplan Decl., ¶ 19.

### ARGUMENT

**A.**    **Standards for Dismissing a Chapter 11 Case and the Local Rules of this Court Applicable to the Second XELAN Chapter 11 Case**

11 U.S.C. § 1112(b) provides that a Chapter 11 Case may be dismissed on request of any party-in-interest, after notice any hearing, if dismissal is in the best interests of creditors and the estate and if the moving party establishing "cause" for a dismissal.  Bankruptcy Code § 1112(b) sets forth 10 non-exclusive examples of cause.  "Cause" is not defined in Bankruptcy Code § 1112(b), although the legislative history to this section provides that "[s]ubsection (b) gives wide discretion to the Court to make an appropriate disposition of the case when a party-in-interest requests."  H.R. Rep. No. 595, 95th Cong., 1st Sess. 405-406 (1977).  See Pryor v. United States Tr. (In re Pryor) (2016) WL 6835372 at *5 (Mem. Dec.) (9th Cir. BAP Nov. 18, 2016) (citing Kahn v. Rund, 2012 WL 2043074, at *5 (Mem. Dec.) (9th Cir. BAP 2012) (noting that Bankruptcy court enjoys broad discretion in determining what constitutes what cause."

1  Local Bankruptcy Rule 1015-2(b)(1) states:

2  A petition commencing a case must be accompanied by court mandated Form F
1015-2.1 STMT. RELATED. CASES Statement of Related Cases.

3

4  Furthermore, Local Bankruptcy Rule 1015-2(b)(3) provides:

5  The failure to provide complete and accurate information in court-mandated Form F
10115-2.1 STMT. RELATED. CASES may subject the petitioner or its attorney to
appropriate sanctions including the appointment of a trustee **or dismissal of the case
with prejudice**.  (Emphasis added.)

6

7

8  Further, Local Bankruptcy Rule 9011-2(a) provides:

9  A corporation, a partnership including a limited liability partnership, a limited
liability company . . . may not file a petition or otherwise appear without counsel in
any case or proceeding . . .

10

11  **B.    XELAN's Failure to Comply with Local Rules 1015-2(b)(1) and 9011-2(a) are
Cause Justifying the Dismissal of XELAN's Second Chapter 11 Case With
Prejudice and a Bar to Refiling Any Further Cases Unless XELAN is
Represented by Legal Counsel**

12

13

14  XELAN's Second Chapter 11 Case was filed in complete disregard of this Court's Local

15  Rules 1015-2(b)(1) and 9011-2(a).  Furthermore, the Second XELAN Voluntary Petition

16  contained a false statement, and failed to advise this Court that XELAN had filed its First XELAN

17  Chapter 11 Case in the United States Bankruptcy Court for the Northern District of San Francisco

18  back in 2017.

19  In view of the current procedural status of the San Francisco Receiver Action, it is clear

20  that XELAN was engaged in forum shopping, in an effort to take advantage of the automatic stay

21  to prevent the Receiver from closing the sale of the 19th Street Property, as authorized by the

22  Superior Court in the San Francisco Receiver Action.  XELAN should not be entitled to obtain the

23  benefits of the automatic stay in view of the false statement made in the Second XELAN

24  Voluntary Petition and its complete disregard for this Court's local rules.  Unless this case is

25  dismissed, creditors and the receivership estate will be significantly harmed, in that the Receiver

26  will not be able to close a sale of the 19th Street Property at the Superior Court approved sale price

27  of $4,450,000.  The Court should not tolerate this type of gamesmenship and misrepresentation

28  which has been engaged in by XELAN.  Therefore, the Bank respectfully requests that its Motion

be granted, that the XELAN Chapter 11 Case be dismissed with prejudice, and that the Court issue an Order prohibiting XELAN from filing any future Chapter 11 cases unless it is represented by legal counsel.  In this regard, it is should be noted that the United States Bankruptcy Court for the Northern District of California through its Local Rule 9010-1(a0, also requires that any entity other than a natural person cannot be a debtor in a bankruptcy case "except through counsel admitted to practice in this District".

## CONCLUSION

For the foregoing reasons, the Bank's Motion should be granted, the Second XELAN Chapter 11 Case should be dismissed with prejudiced, along with an Order prohibiting XELAN from filing any future Chapter 11 cases except when it is represented by legal counsel.

DATED:  April 25, 2019

JEFFER MANGELS BUTLER & MITCHELL LLP
ROBERT B. KAPLAN, P.C.
THOMAS M. GEHER


By:  */s/ Robert B. Kaplan*
      ROBERT B. KAPLAN, ESQ.
    Attorneys for UMPQUA BANK