JEFFER MANGELS BUTLER & MITCHELL LLP
ROBERT B. KAPLAN, P.C. (Bar No. 76950)
*rbk@jmbm.com*
Two Embarcadero Center, 5th Floor
San Francisco, California 94111-3813
Telephone:   (415) 398-8080
Facsimile:   (415) 398-5584

JEFFER MANGELS BUTLER & MITCHELL LLP
THOMAS M. GEHER (Bar No. 130588)
*tmg@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:   (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for UMPQUA BANK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:19-bk-14626-NB |
| XELAN PROP 1, LLC, | Chapter 11 |
| Debtors. | **DECLARATION OF ROBERT B. KAPLAN IN SUPPORT OF MOTION TO DISMISS CHAPTER 11 CASE WITH PREJUDICE [11 U.S.C. SECTION 1112(b)]** |
| | Date:   April 30, 2019<br>Time:   2:00 p.m.<br>Place:   Courtroom 1545<br>255 East Temple Street<br>Los Angeles, CA |

I, Robert B. Kaplan, declare:

1.   I am an attorney at law duly licensed to practice law before all of the courts of the State of California and have been admitted to practice before the United States District Court for

the Central District of California. I am a partner with Jeffer Mangels Butler & Mitchell LLP ("JMBM"), attorneys of record for Umpqua Bank ("Bank") in the above-entitled Chapter 11 case. If called upon to testify as to the matters set forth in this declaration, I could and would competently testify thereto since the facts herein set forth are personally known to me to be true. My knowledge of the facts set forth in this declaration arises from the fact that I am one of the attorneys at JMBM responsible for the collection of the outstanding obligations owed by the Debtor XELAN Prop 1, LLC ("XELAN") to the Bank.

**THE PRIOR CHAPTER 11 CASE FILED BY XELAN IN PRO PER IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA ON DECEMBER 29, 2017**

2. On December 29, 2017, XELAN filed an **in pro per** Voluntary Petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California ("First XELAN Voluntary Petition"), which was assigned Case No. 17-31302 ("First XELAN Chapter 11 Case"), a true and correct copy of which is attached hereto as Exhibit 1. This declarant respectfully directs the Court's attention to the fact that the First XELAN Voluntary Petition was signed by Anne Kihagi, Manager, **in pro per**.

3. On December 29, 2017, XELAN filed in the First XELAN Chapter 11 Case its List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders, a true and correct copy of which is attached hereto as Exhibit 2, listing its only creditors as the Bank and the "CCSF", i.e., City and County of San Francisco, Office of the City Attorney.

4. On January 2, 2018, in the First XELAN Chapter 11 Case, the Honorable Judge Hannah L. Blumenstiel, issued an Order to Show Cause Re Dismissal for Lack of Counsel and scheduled a hearing thereon on January 18, 2018, a true and correct copy of which is attached hereto as Exhibit 3.

5. At the January 18, 2018 hearing on the Order to Show Cause, Anna Kihagi, Managing Member of XELAN and other LLCs that also filed **in pro per** Chapter 11 cases appeared, as did counsel for the City and County of San Francisco. The City and County of San Francisco had previously filed a lawsuit against XELAN, et al., alleging tenant harassment claims and violations of the City and County of San Francisco Municipal Code, Building Code, and State

Housing Law as is more specifically set forth in the transcript of the January 18, 2018 hearing, a true and correct copy of which is attached hereto as Exhibit 4. (see, page 8, lines 7-24). Judge Blumenstiel noted during the course of the hearing that "This is a Federal Court, no a parking garage, and when you seek relief in the Bankruptcy Court, get significant protections because of that. " See, Exhibit 4, page 5, lines 2-4). At the conclusion of the January 18, 2019 hearing, Judge Blumenstiel ruled as follows (see, Exhibit 4, page 19, lines 6-17):

> THE COURT: Yeah. Okay. I'm going to dismiss these cases. I am not hearing enough justification for continuing the significant protections the Debtor has gotten so far without paying the price, which is, as I said at the outset of this hearing, transparency.
>
> And it is not clear to me these Debtors have a significant need for the automatic stay at this point, I'm not willing to delay the cases any further without any real confirmation of progress will be made in that period of time. So I will enter orders dismissing these cases due to the Debtors' failure to have counsel and to comply with court ordered deadlines.

6. On January 18, 2018, the Bankruptcy Court in the First XELAN Chapter 11 Case entered its Order Dismissing Case, a true and correct copy of which is attached hereto as Exhibit 5.

### THE LAWSUIT FILED BY THE BANK FOR SPECIFIC PERFORMANCE AND APPOINTMENT OF RECEIVER OVER TWO REAL PROPERTIES OWNED BY XELAN

7. On March 12, 2018, the Bank filed its Verified Complaint ("Complaint") for: (1) Specific Performance and Appointment of Receiver; and (2) Specific Performance and Appointment of Receiver in San Francisco County Superior Court, Case No. CGC-18-564941 (the "San Francisco Receiver Action"), a true and correct copy of which is attached hereto as Exhibit 6 without attached exhibits. The Complaint sought to have a receiver appointed over the real properties commonly known as 1000-1022 Filbert Street, San Francisco, California ("Filbert Street Property") and 4018-4022 19th Street, San Francisco, California ("19th Street Property").

8. Subsequently, in the San Francisco Receiver Action, the Bank filed an Ex Parte Application for Immediate Appointment of Receiver and Preliminary Injunction in Aid of Receiver, which was supported by the Declaration of Beverly Tengco in Support of Ex Parte Application for Immediate Appointment of Receiver and Preliminary Injunction in Aid of

Receiver, a true and correct copy of which is attached hereto as Exhibit 7 ("Tengco Decl.").

Attached as Exhibits 7 and 8 to the Tengco Declaration are that certain Promissory Note Secured by Deed of Trust dated June 13, 2013, executed by XELAN in favor of the Bank's predecessor-in-interest in the amount of $1,700,000 and a Deed of Trust and Absolute Assignment of Rents and Leases and Security Agreement (and Fixture Filing) dated as of June 13, 2013 with respect to the 19th Street Property.

9. On April 6, 2018, an Order Appointing Receiver, Injunction in Aid of Receiver was filed in the San Francisco Receiver Action ("Receiver Order") pursuant to which a Receiver was appointed over, inter alia, the 19th Street Property, a true and correct copy of which is attached hereto as Exhibit 8.

10. The Receiver Order contains, inter alia, a Preliminary Injunction in Aid of Receiver which stated, in par, as follows:

PRELIMINARY INJUNCTION IN AID OF RECEIVER

IT IS FURTHER ORDERED that the Defendant, and all persons and entities now in possession of any part of the Subject Properties and not holding under valid leases, or rental agreements, shall forthwith surrender their possession thereof to said Receiver, and that all tenants or lessees in possession of any part of the Subject Properties, and such other persons or entities as may be lawfully in possession thereof, are hereby directed to attorn as tenants, or lessees to said Receiver, and until further order of this Court, to pay over to said Receiver all rents, issues, income profits, revenues, and lease payments of the Subject Properties now due and unpaid or that may hereafter become due, and all persons and entities liable for such rents, issues, income, profits, revenues, royalties or lease payments are hereby enjoined and restrained from paying any rents, issues, income, profits, revenues, royalties, storage unit rentals or lease payments for the Subject Properties to the Defendant, its agents, servants or attorneys.

IT IS FURTHER ORDERED that the Defendant and its agents, employees and representatives, and all persons or entities acting under or in concert with the Defendant, are restrained and enjoined from engaging in or performing, directly or indirectly, any or all of the following acts:

1. Demanding, collecting, receiving or in any other way diverting or using any of the rents, issues, income, profits, revenues, royalties or lease payments emanating from the Subject Properties;

2. Interfering with or hindering in any way whatsoever the Receiver in the performance of the Receiver's duties herein described and in the performance of any duties incident thereto;

3. Interfering in any manner with the Subject Properties, including its possession;

    4.     Transferring, conveying, assigning, pledging, deeding, selling, renting, leasing, **encumbering**, changing ownership of, vesting of title to, or otherwise disposing of the Subject Properties; and

    5.     Terminating or otherwise affecting any of the utilities which service the Subject Properties. (Emphasis added.)

    11.     On March 5, 2019, the Bank filed in the San Francisco Receiver Action its Notice of Motion and Motion for Order (1) Instructing Receiver to Sell Real Property Asset Receivership Estate; and (2) Confirming Sale of Real Property [4018-4022 19th Street, San Francisco, CA] and, inter alia, a Declaration of Kevin Singer ("Singer Decl.") in support thereof (the "19th Street Sale Motion"), true and correct copies of which are attached hereto as Exhibit 9, seeking an Order instructing the Receiver appointed in the San Francisco Receiver Action to sell the 19th Street Property. Attached as Exhibit 3 to the Singer Decl. was the San Francisco Purchase Agreement which was executed by the proposed buyer of the 19th Street Property for $3,650,000. Addendum A thereto stated in part as follows:

> If this transaction does not close on or before [**April 24, 2019**] . . . Buyer shall have the right to terminate this Agreement by written notice delivered to Seller during the period commencing on [April 24, 2019] . . . ., and ending 3 business days following receipt of notice thereof from Seller in which event a Deposit shall be immediately returned to Buyer. (Emphasis added.) Exhibit 9, page 412.

    12.     A hearing was held on the 19th Street Sale Motion on April 10, 2019 in the San Francisco Receiver Action and the Motion was granted pursuant to an Order which was filed on April 15, 2019, a true and correct copy of which is attached hereto as Exhibit 10 ("19th Street Sale Order"). The 19th Street Sale Order authorized the Receiver to sell the 19th Street Property to the proposed buyer for $4,550,000, as a result of overbidding which occurred at the April 10, 2019 hearing.

    13.     During the course of the hearing conducted on the 19th Street Sale Motion, the Honorable Charles Haines, Judge presiding, stated as follows as set forth on page 5, lines 20-21 of the transcript of the hearing on the 19th Street Sale Motion, a true and correct copy of which is attached hereto as Exhibit 11:

> THE COURT:    Wasn't there an injunction saying they couldn't encumber the property?

This comment was made in response to the fact that XELAN had recorded a junior deed of trust against the 19th Street Property in violation of the provisions of the Preliminary Injunction in Aid of Receiver set forth in paragraph 10 above.

14.  Subsequently, XELAN filed in the San Francisco Receiver Action a Notice of Appeal from the 19th Street Sale Order, a true and correct copy of which is attached hereto as <u>Exhibit 12</u>, and a Notice of Stay, a true and correct copy of which is attached hereto as <u>Exhibit 13</u> ("Notice of Stay").  The Notice of Stay contends that the Receiver's ability to close a sale of the 19th Street Property as authorized by the 19th Street Sale Order was automatically stayed by the Notice of Appeal filed by XELAN from the 19th Street Sale Order.

15.  On April 22, 2019, the Receiver filed an Ex Parte Application for Issuance of Order:  1. Providing Instructions Re Defendant XELAN Prop 1, LLC's Violation of Preliminary Injunction; 2. Determining That Court Ordered Sale of Receivership Real Property Has Not Been Stayed Because No Supersedeas Bond Has Been Posted; and 3. Authorizing Receiver to Retain Counsel in the San Francisco Receiver Action, a true and correct copy of which is attached hereto as <u>Exhibit 14</u> (the "Receiver Ex Parte Application ").  The Receiver Ex Parte Application sought an Order from the Superior Court in the San Francisco Receiver Action that no stay in effect preventing the Receiver from closing the sale of the 19th Street Property as authorized by the 19th Street Sale Order, absent the filing of a bond by XELAN in an amount to be determined by the Superior Court in the San Francisco Receiver Action.  The Receiver Ex Parte Application stated on page 12, section 28 as follows:

> As set forth above, my contractual obligation with the Buyer specifies that the sale close on or before April 24, 2019.  While it is not guaranteed that Buyer will immediately cancel the sale after April 24th, there is a grave danger of that occurring.  If the sale is lost – as I fear it will be as a result of Buyer's strict timing requirements related to its 1031 exchange – the Receivership Estate will lose an excellent sale approved by this Court after significant marketing and overbidding at hearing, and will unquestionably be significantly harmed.

16.  On April 22, 2019, the Superior Court in the San Francisco Receivership Action entered an Order granting the Receiver's Ex Parte Application (the "No Stay Order"), a true and correct copy of which is attached hereto as <u>Exhibit 15</u>, which ordered, <u>inter alia</u>, that the Receiver was authorized to close the sale of the 19th Street Property as set forth in the 19th Street Sale

Order. The No Stay Order stated in part that:

> [A]ny individual wishing to effectuate a stay of the proposed sale of 19th Street must first apply to this Court to set the amount of supersedeas bond pursuant to California Code of Civil Procedure § 917.4  Until the time as the amount of such bond is set and the bond is posted in that amount by the appellant, the Receiver is free to close the sale of 19th Street.

17. The No Stay Order further authorized the Receiver to sell the 19th Street Property free and clear of the deed of trust recorded by XELAN in violation of the Receiver Order. To date, (a) XELAN has not filed any motion in the San Francisco Receiver Action to stay the sale of the 19th Street Property and have the Superior Court determine the amount of any bond and (b) the Superior Court has not made any rulings with respect to a supersedeas bond to stay the 19th Street Sale Order.

## THE SECOND XELAN CHAPTER 11 CASE

18. On April 23, 2019, XELAN filed a Voluntary Petition for Non-Individual Filing Bankruptcy in the United States Bankruptcy Court for the Central District of California ("Second XELAN Voluntary Petition"), Case No. 2:19-bk-14626-NB, a true and correct copy of which is attached hereto as <u>Exhibit 16</u> ("Second XELAN Chapter 11 Case"). This declarant respectfully directs the Court's attention to the following matters set forth in the Second XELAN Voluntary Petition:

    a.  The Second XELAN Voluntary Petition was filed **in pro per** by and signed by Anne Kihagi, Manager; and

    b.  Section 9 of the Second XELAN Voluntary Petition **concealed and does not disclose** to the Court the First XELAN Chapter 11 Case previously filed in 2017 and states as follows:

> 9. Were prior bankruptcy cases filed by or against the debtor within the last eight years? ☒ No.

19. The Second XELAN Voluntary Petition filed by XELAN did not include a Statement of Related Cases, as required by Central District Local Bankruptcy Rule 1015-1(b)(1).

**REQUEST FOR JUDICIAL NOTICE**

20. Pursuant to Federal Rules of Evidence 201(b) and 201(c)., the Bank respectfully requests that this Court take judicial notice of the various pleadings attached to this declarations as <u>Exhibits 1 through 16</u>, inclusive.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: April 25, 2019         */s/ Robert B. Kaplan*
                              ROBERT B. KAPLAN, Declarant