1   JEFFER MANGELS BUTLER & MITCHELL LLP
    ROBERT B. KAPLAN, P.C. (Bar No. 76950)
2   *rbk@jmbm.com*
    Two Embarcadero Center, 5th Floor
3   San Francisco, California 94111-3813
    Telephone:    (415) 398-8080
4   Facsimile:    (415) 398-5584

5   JEFFER MANGELS BUTLER & MITCHELL LLP
    THOMAS M. GEHER (Bar No. 130588)
6   *tmg@jmbm.com*
    1900 Avenue of the Stars, 7th Floor
7   Los Angeles, California 90067-4308
    Telephone:    (310) 203-8080
8   Facsimile:    (310) 203-0567

9   Attorneys for UMPQUA BANK

10

11

12                UNITED STATES BANKRUPTCY COURT

13                CENTRAL DISTRICT OF CALIFORNIA

14                   LOS ANGELES DIVISION

15

16  In re                              Case No. 2:19-bk-14626-NB

17  XELAN PROP 1, LLC,                  Chapter 11

18          Debtors.                    **DECLARATION OF ROBERT B.
                                        KAPLAN IN SUPPORT OF MOTION TO
19                                      DISMISS CHAPTER 11 CASE WITH
                                        PREJUDICE [11 U.S.C. SECTION 1112(b)]**
20
                                        **VOLUME FIVE**
21
                                        **EXHIBITS 10 - 13**
22
                                        Date:          April 30, 2019
23
                                        Time:
24                                                     2:00 p.m.

25                                      Place:         Courtroom 1545
                                                       255 East Temple Street
26                                                     Los Angeles, CA

27

28

# Exhibit 10

1 | JEFFER MANGELS BUTLER & MITCHELL LLP
ROBERT B. KAPLAN, P.C. (Bar No. 76950)
2 | *rbk@jmbm.com*
Two Embarcadero Center, 5th Floor
3 | San Francisco, California 94111-3813
Telephone:    (415) 398-8080
4 | Facsimile:    (415) 398-5584

5 | Attorneys for Plaintiff UMPQUA BANK

6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

10

11 | UMPQUA BANK, a state chartered bank,    Case No. CGC-18-564941

12 | Plaintiff,    **[PROPOSED] ORDER ON MOTION FOR ORDER:**

13 | v.    **(1) INSTRUCTING RECEIVER TO SELL REAL PROPERTY ASSET OF RECEIVERSHIP ESTATE; AND**

14 | XELAN PROP 1, LLC, a California limited liability company; and DOES 1-30, inclusive,

15 | Defendants.    **(2) CONFIRMING SALE OF REAL PROPERTY [4018-4022 19th STREET, SAN FRANCISCO, CA]**

16

17

18 | Date:    April 10, 2019
Time:    9:30 a.m.
Dept.:    501

19

20 | Action Filed:    March 12, 2018
Trial Date:    None Set

21 | The Motion of Plaintiff Umpqua Bank ("Bank") for an Order:  (1) Instructing Receiver to

22 | Sell Real Property Assets of Receivership Estate; and (2) Confirming Sale of Real Property Asset

23 | (the "Motion"), came on regularly for hearing on April 10, 2019 at 9:30 a.m. in Department 501 of

24 | the above-entitled Court.  Robert B. Kaplan, Esq. of Jeffer Mangels Butler & Mitchell LLP

25 | appeared for Plaintiff Bank and other appearances were as noted in the record at the time of the

26 | hearing.

27 | ///

28 | ///

63606234v1

1

FILED
San Francisco County Superior Court

APR 15 2019

CLERK OF THE COURT
BY: _____
Deputy Clerk

JMBM | Jeffer Mangels
Butler & Mitchell LLP

542

1    The Court, having reviewed the Motion, makes the following findings, conclusions and

2    order.[1]

3        1.    Notice.  Based upon the evidence before the Court, the Court finds that the Bank:

4            (a)    Timely served the Notice of Motion and Motion on XELAN Prop 1, LLC,

5    on its counsel of record; and

6            (b)    The Receiver has caused to be notified those parties that heretofore have

7    expressed an interest in purchasing 4018-4022 19th Street, San Francisco, California (the "19th

8    Street Property"), legally described in Exhibit A attached hereto and incorporated herein by this

9    reference as though set forth in full, regarding the pending sale and has invited them to participate

10   in the public overbid process by having a notice of sale complying with the provisions of

11   California Code of Civil Procedure § 701.540(a) and of the right to overbid ("Notice of Sale")

12   served on Defendant XELAN Prop 1, LLC and its attorneys of record and on all persons having

13   recorded liens, encumbrances and interests on the 19th Street Property as of January 23, 2019 by

14   at least 20 calendar days before the date of the hearing scheduled in this Court on this Motion and

15   has caused the Notice of Sale to be posted on the 19th Street Property, at a public place in the City

16   of San Francisco, to be delivered to a tenant at the 19th Street Property and published in a

17   newspaper of general circulation for the City and County of San Francisco at least three times

18   prior to the hearing of this Motion and by emailing the Notice of Sale to all potential buyers of the

19   19th Street Property, as set forth in the  Declaration of Edward Deleski filed in support of the

20   Motion, at least 20 days prior to the hearing of the Motion.

21       Based upon the foregoing findings, the Court concludes that the Receiver has employed all

22   procedures and given all notices required by law to effect the sale of the 19th Street Property and

23   shall convey good and clear title to the assets to Kenneth M. Kaplan, and/or assignee, and Brandon

24   Kaplan, and/or assignee (the "Original Buyer"), for the price of $ 4,550,000 :

25   In the event Original Buyer does not close the sale within the time limits provided for in the PSA

26

27   [1] All terms not defined in this Order shall have the meanings ascribed to them in the Motion.

28

63606234v1                                    2
[PROPOSED] ORDER ON MOTION FOR ORDER:  (1) INSTRUCTING RECEIVER TO SELL, ETC.
[XELAN-19th STREET] - Original Buyer

543

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1    (as that term is defined below), ___TING TSAI___ which submitted

2    the last overbid immediately prior the successful over bid made by the Original Buyer to purchase

3    the 19th Street Property of $ _4,400,000_ shall have the right to purchase the 19th

4    Street Property for its final overbid by executing the Original Buyer's PSA, as modified by its last

5    over bid and this Order, and shall close the sale within 20 calendar days of the Receiver cancelling

6    in writing the Original Buyer's PSA.

7        2.    Best Interests.  The Court further finds that:

8            (a)    The proposed sale of the 19th Street Property as set forth in the Motion was

9    negotiated in good faith and at arm's length between the Receiver the Original Buyer and upon the

10    closing of escrow for the sale of the 19th Street Property, the Receiver shall be authorized to pay

11    the amounts owed to holders of any liens, encumbrances and interests which have been recorded

12    against the 19th Street Property as set forth in the Preliminary Title Report attached as Exhibit 6 to

13    the Declaration of Kevin Singer in support of the Motion ("Singer Decl.") and to transfer title to

14    the 19th Street Property as provided for in the San Francisco Purchase Agreement dated February

15    1, 2019, Addendum to San Francisco Purchase Agreement, Addendum to SFAR Purchase Sale

16    Agreement dated January 30, 2019, Seller Counter Offer 1 dated February 6, 2019, Contingency

17    Removal #1 dated March 1, 2019, and Addendum A (Addendum to Contingency Removal and

18    Approval of Documents) dated February 28, 2019 (collectively, the "PSA") attached as Exhibit 3

19    to the Singer Decl. for the purchase price of $3,650,000 set forth in the PSA (the "Purchase

20    Price");

21            (b)    The offer of the Original Buyer on the terms set forth in PSA is the best and

22    highest bid for the 19th Street Property.  No better or higher bids for the assets to be sold by the

23    receiver were made during the public overbid conducted by the Court;

24            (c)    The proposed sale of the 19th Street Property is in the best interests of the

25    parties to this action and the receivership estate;

26            (d)    By closing escrow and taking title to the 19th Street Property, the Original

27    Buyer acknowledges that: (i) the Original Buyer has no recourse against the Receiver (or his

28    agents) for any claim or cause of action; (ii) the Original Buyer's sole and only recourse is against

63606234v1                                                 3

1  the Original Buyer's title insurance policy, if applicable; and (iii) any actions taken by the

2  Receiver to sell the 19th Street Property shall not constitute a representation and warranty by the

3  Receiver as to any aspects of the sale of the 19th Street Property and the sale shall be "as is",

4  "where is" with no representations and/or warranties, shall not be subject to the provisions of Civil

5  Code §§ 896 and 897, and shall be without risk or liability to the Receiver and/or the receivership

6  estate. The above-entitled Court retains jurisdiction over any dispute that may arise involving the

7  Receiver with the sale of the 19th Street Property pursuant to the terms of the PSA approved of by

8  the Court; and

9          (e)      That certain Order Granting Motion of Umpqua Bank for Order:

10  (1) Instructing and Authorizing Receiver to Sell Real Property Assets of Receivership Estate; and

11  (2) Confirming Sale Procedures filed on October 12, 2018 (the "Sale Order") is hereby modified

12  to authorize overbids of at least $150,000 above the Purchase Price, with subsequent overbids to

13  be at least $150,000 in excess of the prior bid, with the Original Buyer having the right to match

14  any overbid, with the successful overbid buyer required to deliver a non-refundable deposit in the

15  amount of $114,000 in the form of a cashier's check payable to Orange Coast Title Company to

16  the Receiver.

17          Based upon the foregoing findings, the Court concludes that sale of the 19th Street

18  Property as proposed by the Receiver's Motion should be confirmed by the Court.

19      3.      Receiver's Actions. The Court further finds that the Receiver has acted in good

20  faith and pursuant to the instructions of the Court in carrying out the duties of his office in relation

21  to the proposed sale.

22      4.      Orders and Instructions. Based upon the foregoing findings and conclusions, the

23  Court instructs, authorizes, and orders as follows:

24          (a)      Notice of the Motion was proper to Defendant XELAN Prop 1, LLC and all

25  other parties in interest. The Motion is granted, any opposition to the Motion has been withdrawn

26  or is overruled and the sale to the Original Buyer on the terms set forth in the PSA is confirmed.

27          (b)      The Original Buyer's purchase of the 19th Street Property was conducted as

28  authorized by this Court pursuant to the Sale Order.

63606234v1                                    4
[PROPOSED] ORDER ON MOTION FOR ORDER: (1) INSTRUCTING RECEIVER TO SELL, ETC.
[XELAN-19th STREET] - Original Buyer

545

1      (c)    The Receiver shall execute any and all documents necessary to complete the

2  sale to the Original Buyer pursuant to the PSA and shall pay the proceeds of sale paid by the

3  Original Buyer pursuant to the PSA as follows: (i) the unpaid delinquent real estate taxes and pro-

4  rata real estate taxes owed by XELAN Prop 1, LLC to the City and County of San Francisco on

5  the 19th Street Property; (ii) to pay real estate commissions payable to Vanguard Properties in the

6  amount equal to 5.0% of the Purchase Price at closing of escrow; (iii) for reasonable closing costs

7  and escrow fees and title fees owed with respect to the sale of the 19th Street Property pursuant to

8  the PSA; (iv) the amounts owed by XELAN Prop 1, LLC to Umpqua Bank secured by that certain

9  Deed of Trust and Assignment of Rents and Security Agreement (and Fixture Filing) dated as of

10 June 13, 2013 executed by XELAN Prop 1, LLC and recorded on June 28, 2013 in the Official

11 Records of the San Francisco County Recorder's Office as Document No. DOC-2013-J69776; (v)

12 the amounts owed, if any, to the holders of the following liens, encumbrances, and interests

13 recorded against the 19th Street Property: (A) Abstract of Judgment recorded by David and

14 Caroline Green on April 23, 2018 in the Official Records of the San Francisco County Recorder's

15 Office as DOC-2018-K604682-00; (B) Abstract of Judgment recorded by the City and County of

16 San Francisco and the People of the State of California on June 7, 2018 in the Official Records of

17 the San Francisco County Recorder's Office as Document No. DOC-2018-K623991-00; and (C)

18 Abstract of Judgment recorded by City and County of San Francisco and the People of the State of

19 California on October 17, 2018 in the Official Records of the San Francisco County Recorder's

20 Office as Document No. DOC-2018-K683730-00; and (vi) any other liens which the Receiver

21 determines, in the exercise of his business judgment, must be paid in order to close the sale of the

22 19th Street Property to the Original Buyer on the terms set forth in the PSA, with the remaining

23 proceeds of sale to be held by the Receiver until further order of this Court to, inter alia, pay all

24 allowed claims filed against the receivership estate, to pay all unpaid Receiver's fees and expenses

25 due and owing to the Receiver until discharge of the Receiver and approval of his final accounting

26 pursuant to California Rule of Court 3.1184, , to pay all amounts, if any, ordered by this Court to

27 Dale Duncan and Marta Munoz Mendoza pursuant to that certain Order on Motion for Charging

28 Orders, Assignment Orders, Restraining Order and for Appointment of Receiver [on judicial

63606234v1
5
[PROPOSED] ORDER ON MOTION FOR ORDER: (1) INSTRUCTING RECEIVER TO SELL, ETC.
[XELAN-19th STREET] - Original Buyer

546

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  foreclosure of two properties held by Debtor Anne Kihagi's LLC: XELAN Prop 1, LLC] and that

2  certain Order on Motion for Charging Orders, Assignment Orders, Restraining Order and for

3  Appointment of Receiver [on pending non-judicial foreclosure of property held by Debtor Anne

4  Kihagi's LLC(s)] filed in the action entitled Dale Duncan, etc. v. Anne Kihagi, etc., et al., San

5  Francisco County Superior Court Case No. CGC-15-545655 and, thereafter, to pay the remaining

6  proceeds of sale, if any, to XELAN Prop 1, LLC.

7          (d)    The Original Buyer shall take good and clear title to the 19th Street

8  Property sold by the Receiver.

9          (e)    The Receiver is instructed, authorized, and ordered to forthwith complete

10  the sale of assets to the Original Buyer pursuant to the terms of the PSA.

11          (f)    Original Buyer's purchase of the 19th Street Property results from a legally

12  authorized properly noticed, non-collusive, non-fraudulent arms' length transaction, the Purchase

13  Price for the 19th Street Property (including under the terms of the PSA is fair and reasonable and

14  constitutes the highest and best Purchase Price for the 19th Street Property and the Original Buyer

15  is a good faith purchaser for value of the 19th Street Property.

16          (g)    The Receiver is instructed, authorized, and ordered to forthwith complete

17  the sale of assets to the Original Buyer pursuant to the terms of the PSA.  The PSA or any

18  documents or instruments related thereto maybe amended, or supplemented by the Original Buyer

19  and the Receiver without further order of this Court, provided such modifications, amendments or

20  supplements do not have a material adverse effect on the receivership estate.

21          (h)    Any licensed title insurer and the Original Buyer may rely on this Order as

22  authorizing the Receiver to transfer legal title to the 19th Street Property free and clear of all liens

23  and encumbrances.

24  ///

25  ///

26  ///

27  ///

28  ///

63606234v1                                6

[PROPOSED] ORDER ON MOTION FOR ORDER:  (1) INSTRUCTING RECEIVER TO SELL, ETC.
[XELAN-19th STREET].- Original Buyer

1          (i)     In the event a timely and proper appeal is filed from this Order, the

2  Receiver is authorized and directed to defend any such appeal, without further order of Court if he

3  elects to do so in the exercise of his business judgment.

4

5  DATED: _4- 15 - 2019_     JUDGE OF THE SUPERIOR COURT

6                        **CHARLES F. HAINES**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JMBM   Jeffer Mangels
Butler & Mitchell LLP

63606234v1
7
[PROPOSED] ORDER ON MOTION FOR ORDER:  (1) INSTRUCTING RECEIVER TO SELL, ETC.
[XELAN-19th STREET] - Original Buyer

548

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LEGAL DESCRIPTION OF**
**4018-4022 19th Street, San Francisco, California**

Beginning at a point on the Northerly line of 19th Street, distant thereon 83 feet Westerly from the Westerly line of Noe Street; running thence Westerly along said line of 19th Street 42 feet; thence at a right angle Northerly 145 feet; thence at a right angle Easterly 42 feet; thence at a right angle Southerly 145 feet to the point of beginning, in the City of San Francisco, County of San Francisco, State of California.

Being a portion of Mission Block No. 115.

# EXHIBIT A

[PROPOSED] ORDER ON MOTION FOR ORDER:  (1) INSTRUCTING RECEIVER TO SELL, ETC.
[XELAN-19th STREET] - Original Buyer

549

# Exhibit 11

**UMPQUA BANK vs XELAN PROP 1, LLC, ET AL.**
**Transcript of Proceedings on 04/10/2019**

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                  COUNTY OF SAN FRANCISCO

3

4    UMPQUA BANK, a state
     chartered bank,
5
             Plaintiff,
6
         vs.                        Case No. CGC-18-564941
7
     XELAN PROP 1, LLC, a
8    Delaware limited liability
     company; and DOES 1-30,
9    inclusive,

10           Defendant.
     _____/
11

12

13

14          Reporter's Transcript of Proceedings

15             Wednesday, April 10, 2019

16

17

18        400 McAllister Street, Department 501

19             San Francisco, California

20

21

22

23

24       Reported By:  Sheila Pham, CSR No. 13293

25

www.huseby.com          **Huseby, Inc.  Regional Centers**          800-333-2082
**Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco**

551

**UMPQUA BANK vs XELAN PROP 1, LLC, ET AL.**
**Transcript of Proceedings on 04/10/2019**                    Page 2

```
 1                  APPEARANCES OF COUNSEL

 2

 3    For Plaintiff:

 4           JEFFER MANGELS BUTLER & MITCHELL
             BY: ROBERT B. KAPLAN, ESQ.
 5           Two Embarcadero Center, 5th Floor
             San Francisco, CA 94111
 6           (415) 398-8080
             rbk@jmbm.com
 7

 8    For the Receiver:

 9           RECEIVERSHIP SPECIALISTS
             BY: KEVIN SINGER
10           795 Folsom Street, 1st Floor
             San Francisco, CA 94107
11           kevin@receivershipspecialists.com

12

      For Defendant:
13
             PATTON SULLIVAN BRODEHL LLP
14           BY: KEVIN BRODEHL, ESQ.
             6600 Koll Center Parkway, Suite 250
15           Pleasanton, CA 94566
             (925) 600-1800
16           kbrodehl@psblegal.com

17

      Also Present:
18
             Brandon Kaplan
19           Kenneth Kaplan
             Ting Tsai
20

21

22

23

24

25
```

www.huseby.com          **Huseby, Inc.  Regional Centers**          **800-333-2082**
**Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco**

552

```
 1      San Francisco, California, Wednesday, April 10, 2019

 2                    10:25 a.m. - 11:53 a.m.

 3

 4           THE CLERK:  Calling Line Number 2, and this

 5  matter is being reported.

 6           THE COURT:  All right.

 7           THE CLERK:  This is Case Number CGC-18-564941,

 8  Umpqua Bank versus Xelan Prop 1.

 9           Counsel, please state your appearances for the

10  record.

11           MR. KAPLAN:  Good morning, Your Honor.  Robert

12  Kaplan, Jeffer Mangels Butler & Mitchell LLP, for the

13  plaintiff, Umpqua Bank, the moving party.

14           THE COURT:  Good morning.

15           MR. SINGER:  Good morning, Your Honor.  Kevin

16  Singer, the Superior Court receiver on this case.

17           THE COURT:  Good morning, Mr. Singer.

18           MR. BRODEHL:  Good morning, Your Honor.  Kevin

19  Brodehl for defendant, Xelan Prop 1.

20           THE COURT:  Good morning, Mr. Brodehl.

21           So didn't we put this over for a week to see

22  what was going to happen?

23           MR. KAPLAN:  Yes, Your Honor.  If I could, I'd

24  like to go over what's happened.  And to refresh the

25  Court's recollection, we do have a rough transcript
```

```
 1   prepared by this great court reporter of last week's

 2   hearing.  If I could approach, I can give it to you.

 3   Save some time.  I have one for opposing counsel too

 4   (handing).

 5         THE COURT:  Have you seen this one,

 6   Mr. Brodehl?

 7         MR. BRODEHL:  I have not.

 8         Thank you.

 9         THE COURT:  Why don't you take a look at it.

10         All right.  Thank you.

11         MR. KAPLAN:  I can start, Your Honor, whenever

12   you're ready.

13         THE COURT:  So we put it over a week because

14   you were not just first and goal, you were inches --

15         MR. KAPLAN:  Yes, Your Honor.

16         THE COURT:  -- from the goal line; correct?

17         MR. KAPLAN:  So what happened --

18         THE COURT:  What happened?

19         MR. KAPLAN:  What happened is the following --

20         THE COURT:  I think I kind of know.  I think I

21   kind of know.

22         MR. KAPLAN:  Yes, I'm sure you do.  To save you

23   the trouble of going through that, just to summarize the

24   papers --

25         THE COURT:  I've got a pretty good summary
```

**UMPQUA BANK vs XELAN PROP 1, LLC, ET AL.**
**Transcript of Proceedings on 04/10/2019**                          **Page 5**

1  right here.

2         MR. KAPLAN:  -- what happened is:  I went back

3  to my office, I prepared revised drafts of the papers

4  the same day of the hearing.  I worked until after 7:00

5  to get them out.  And I sent them to Mr. Manasian.  We

6  requested comments and we did not receive any.

7         So both the receiver and I contacted Mr.

8  Manasian on Thursday, saying, "What's going on?"  We got

9  an e-mail saying he'd get back to us later Thursday or

10  tomorrow, which was Friday.  Friday afternoon at roughly

11  2:32 p.m., we had not received anything.  I sent an

12  e-mail to Mr. Manasian saying, "What's going on?  We

13  have the hearing today."  Did not receive anything.

14         And then on Monday morning at about 8:24,

15  Umpqua Bank received a wire for about $1.8 million from

16  Stewart Title Company.

17         THE COURT:  $1,869,018.30 to be exact.

18         MR. KAPLAN:  So that was a surprise to us for

19  two reasons.  One --

20         THE COURT:  Wasn't there an injunction saying

21  that they couldn't encumber the property?

22         MR. KAPLAN:  Yes.  And we found out today, it

23  looks like a junior deed of trust had been recorded

24  against the property.  I wish I could provide it to the

25  Court.  I don't have it.  And that was a problem.  Also,

www.huseby.com          **Huseby, Inc.  Regional Centers**          **800-333-2082**
**Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco**

555

```
 1  the title company that we've been dealing with through
 2  Mr. Manasian was North American Title.  So we were
 3  surprised to get this money.  It wasn't even close to
 4  the payoff balance.
 5       THE COURT:  Well, that was $1,834,270.48, which
 6  is exactly $29,747.90 short of what the real payoff was,
 7  at least the way my math goes.
 8       MR. KAPLAN:  Exactly.  The real payoff
 9  constantly changes because there was attorneys' fees and
10  costs of documents.  So what we were trying to do
11  through Mr. Manasian was:  Get the payoff agreement
12  done, put in the final number --
13       THE COURT:  Pardon me for interrupting.  Just
14  to make sure everybody is on the same page, including
15  me, my understanding was:  We were giving them a week to
16  see if they could come up with this money to redeem the
17  property.  Okay?
18       Here's what it sounds like.  It sounds like
19  contrary to the Court's order not to encumber this
20  property, somebody went out and tried to secure another
21  loan on the property and then tried to clear this debt
22  with your bank, but they came up $29,000 and change
23  short.  So even though they weren't supposed to be doing
24  that to begin with, when they tried to do it, they
25  didn't even do it the right way to begin with.
```

**UMPQUA BANK vs XELAN PROP 1, LLC, ET AL.**
**Transcript of Proceedings on 04/10/2019**                    Page 7

```
 1          So isn't that where we're at today?

 2          MR. KAPLAN:  Yes.  We're actually more than

 3  $29,000 short because --

 4          THE COURT:  You know, plus change.

 5          MR. KAPLAN:  Well, it's not change necessarily.

 6  But in any event, so -- and then Mr. Manasian sent an

 7  e-mail on Monday of this week saying Ms. Kihagi is not

 8  going to sign the payoff agreement or the stipulation

 9  and he's going to withdraw as counsel.  So that was a

10  surprise.  And now we have new counsel coming in.

11          Part of the issues we discussed at last week's

12  hearing was:  One, there was an injunction against

13  encumbering the property, which under our documents,

14  would be released upon payment to the bank; two, the

15  receiver needs to remain in possession until the Court

16  tells him to get out; and three, the receiver is going

17  to collect rent.

18          So all of these documents --

19          THE COURT:  Excuse me for interrupting you, but

20  isn't there also that somebody wants to purchase this

21  property?

22          MR. KAPLAN:  Yes.  And that's what we're here

23  today for.

24          THE COURT:  They have ready money to do it?

25          MR. KAPLAN:  That's correct.  So the Court is
```

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

557

**UMPQUA BANK vs XELAN PROP 1, LLC, ET AL.**
**Transcript of Proceedings on 04/10/2019**                    Page 8

```
 1  clearly up to speed on what's happened, so we request

 2  the Court approve the sale.  This motion was filed over

 3  a month ago.  We have a violation, apparently, of the

 4  Court's preliminary injunction, we have new counsel

 5  coming in for unknown reasons to me, and we have Mr.

 6  Manasian saying his client won't sign anything, even

 7  though last Tuesday, we thought we were pretty close.

 8          And I can let the receiver speak now.

 9          THE COURT:  Mr. -- is it Brodehl?  Did I get

10  your name right, sir?

11          MR. BRODEHL:  Yes, you did.

12          THE COURT:  Is there anything you want to add

13  to this?

14          MR. BRODEHL:  Oh, yes.

15          THE COURT:  Okay.

16          MR. BRODEHL:  So before the week of April 2nd,

17  there was a lot of negotiation about a proposed payoff

18  demand.  There's two fundamental problems here, Your

19  Honor.  We've never been given a clear payoff demand and

20  that amount is changing every day.  And that's required

21  by statute.

22          So here's the bigger problem, Your Honor.  At

23  the last week of March, the payoff agreement that we got

24  from the bank and the receiver would have required a

25  complete release of all objections to the receiver's
```

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

558

```
 1  final accounting.  We haven't even seen the last two

 2  months' worth of accounting, and apparently, there's

 3  more to come.

 4          So that was the bank's required condition for

 5  accepting a payoff, a complete release of the receiver.

 6  The receiver's work is not even done yet.  That's the

 7  point they made in their opposition today.

 8          But, Your Honor, the bigger problem here is

 9  that the receiver's status is being used to thwart our

10  rights of redemption.  That right is found in Civil Code

11  2903.  2905 also speaks to it.  Every borrower in

12  California has a right to redeem that loan.  It's a

13  statutory right and it's also an equitable right.

14          Related to that is the lender's obligation to

15  provide an accurate payoff demand.  That's in Civil Code

16  2943(a)(5).  And under the case, Cathay Bank, 46

17  Cal.App.4th 266, the burden is on the creditor to

18  provide an accurate amount to pay the loan, and if it's

19  not accurate, then a tender of whatever would believe to

20  be accurate captures everything.  The rest becomes

21  unsecured.

22          The problem here is that every time we've asked

23  for a payoff demand, we get a response that has blanks

24  saying, "Well, we can't figure it out because there's

25  still more proceedings.  There's today's hearing.
```

www.huseby.com          **Huseby, Inc.  Regional Centers**          800-333-2082
**Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco**

559

1   There's an eventual hearing on the final accounting.

2   There may be even an appeal that will take two years to

3   resolve." That's not a proper payoff demand, Your

4   Honor, and that's all we've gotten every time that we've

5   asked, is a fill-in-the-blank exercise. So we were left

6   to guess.

7          And my client did make a tender last week of

8   what should have been the full amount that is calculated

9   by the bank's only accurate payoff demand of March 14th,

10  I think it was. That's what she used to calculate the

11  payoff demand and she has the right to tender that.

12  Upon tender, the secured obligation is done. If there

13  are further things that the receiver needs to do, that's

14  on the lender's tab. It's not part of the secured debt.

15         So the point here is that the receiver's

16  proceedings cannot be used to thwart the statutory right

17  of redemption, and that's exactly what's happened here.

18         THE COURT: Thank you, Mr. Brodehl.

19         Mr. Singer, is there anything you want to say?

20         MR. SINGER: I'll hold my comments. I mean,

21  they're arguing on legal issues, and I'll let those get

22  out before, and then I'll advise you on my thoughts of

23  moving forward with the sale.

24         THE COURT: Mr. Kaplan?

25         MR. KAPLAN: A couple of responses. There's no

www.huseby.com          **Huseby, Inc. Regional Centers**          800-333-2082
**Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco**

560

```
 1   right of redemption in receiver sales.  We seem to be

 2   relitigating the whole receivership sale process.  The

 3   case was cited and all of the statutes.  This is not in

 4   the opposition.  And the reply we filed a long time ago,

 5   on March 26th, briefed the right of redemption issue.

 6           So in terms of the comments on the payoff, the

 7   payoff agreement, which, actually, Mr. Brodehl reviewed

 8   on March 29th, it has a procedure for quoting the number

 9   as of a certain date and that one day before closing, we

10   updated the legal fees.  We didn't receive any comments.

11   All the comments here about the deficiencies and the

12   stipulation and the payoff agreement, fine.  Mr.

13   Manasian was supposed to get back to us.  We were

14   supposed to have a dialogue, as the Court knows.

15           So Mr. Manasian basically doesn't get back to

16   us --

17           THE COURT:  He said he withdrew.

18           MR. KAPLAN:  Yeah.  He said, "I'm withdrawing

19   and my client won't sign anything."  Well, Your Honor,

20   we have a lawsuit.  And as the Court well knows,

21   lawsuits are often, most of the time, settled with

22   written agreements.  That's all these documents are.

23           And if someone didn't like the clause in the

24   agreement, Mr. Manasian should have gotten back to me.

25   I sent these out on April the 3rd.  We're now at April
```

1   the 10th.  We still don't have comments on the drafts

2   other than new arguments being raised by Counsel.

3          And all of the other issues, the articles on

4   receivership sales that were filed that Counsel wrote,

5   we're not going to relitigate the receivership sale

6   order here.  I think that was done in October of 2018.

7   That's a long time for a motion for reconsideration on

8   those kinds of issues.

9          And now, I'll let the receiver speak to his

10  position.

11          THE COURT:  Is there anything else, Mr.

12  Brodehl, you want to add?

13          MR. BRODEHL:  Yes, Your Honor.  On the right of

14  redemption, I mean, the right is by statute, 2903.

15  Counsel here, you've heard him say that, "Well, the

16  receiver sales are immune from that."  I don't see any

17  cases or statute saying that, Your Honor.  And that's

18  part of the fundamental problem with the receiver sale

19  concept, and that's why I attached the article that I

20  coauthored from a few years ago.

21          So what happens to the right of redemption

22  then?

23          THE COURT:  Well, correct me if I'm wrong,

24  remember, I wasn't the person who authorized the

25  receivership.  That was the prior judge and everything,

www.huseby.com            Huseby, Inc.  Regional Centers            800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

562

```
 1  but my understanding was that we put this over so that

 2  in good faith, the bank was willing to let Ms. Kihagi

 3  attempt to redeem this property.  What everybody should

 4  have known, or at least I thought everybody knew, that

 5  there's a buyer who's sitting out there who's got the

 6  money and ready, willing, and able to perform.  This, I

 7  thought, was the bank's attempt to give this debtor a

 8  last chance to do this.

 9          Is that what was going on, Mr. Kaplan?

10          MR. KAPLAN:  That's what I understood in the

11  dialogue with Mr. Manasian and what he states to the

12  Court that is memorialized in the transcript.

13          THE COURT:  Yeah.  I'm just telling you that's

14  the way I --

15          MR. KAPLAN:  That's what we understood.

16          THE COURT:  That was my understanding of it.

17          In any event, is there anything else on these

18  legal issues before we hear from Mr. Singer?

19          MR. BRODEHL:  Yes.  Just a final point, Your

20  Honor.  The money was there, but the payoff was

21  conditioned on a complete release.  And that's not how

22  payoffs work under California mortgage law, Your Honor.

23          THE COURT:  Yeah, but unless somebody is going

24  to disabuse me, I quoted the figures from the beginning

25  that I was able to ascertain.  I didn't think there was
```

1   any mystery about these numbers, that she was $29,700

2   and some short just on the figures I had, which I didn't

3   claim were completely accurate to the penny.

4          But in any event, anything else anybody wants

5   to say on the legal issues before we hear from

6   Mr. Singer?

7          MR. KAPLAN:  My only comment is:  Right of

8   redemption, as we briefed on the 26th reply, they apply

9   to judicial foreclosure sales.

10          THE COURT:  Right.

11          MR. KAPLAN:  But this is not a judicial

12  foreclosure sale.

13          THE COURT:  I know that.

14          MR. KAPLAN:  You got that.  Okay.

15          THE COURT:  Anything else?  Yes, sir.

16          MR. BRODEHL:  If it's not a judicial sale, then

17  what is it?  There's only one permissible action under

18  California Code of Civil Procedure 726 to foreclose, and

19  that's a judicial foreclosure.  The only other

20  alternative is a nonjudicial foreclosure.  And if we're

21  there, there are statutes that need to be complied with

22  for a nonjudicial sale.  There are no statutes

23  authorizing a receiver sale.

24          And 568.5, which is the one statute that

25  they've been able to point to and rely on in the

UMPQUA BANK vs XELAN PROP 1, LLC, ET AL.
**Transcript of Proceedings on 04/10/2019**                                    **Page 15**

1   Cal-American case that talks about it, that's never been

2   applied to a receiver sale in a deeds of trust

3   receivership.  Never.  Every case that they've cited has

4   been a general equity receivership, or as the statute

5   suggests, for enforcement of judgment receivership.

6   That statute has never been applied to a rents and

7   profits receivership, which is what we have here.

8           THE COURT:  Mr. Kaplan or Mr. Singer, when was

9   this tender made by the borrower?

10          MR. KAPLAN:  We received the unsolicited wire

11  on Monday morning at 8:24 a.m.

12          THE COURT:  So Monday would have been -- today

13  is the 11th.  That would have been the 9th of April;

14  right?  That's Monday.

15          MR. KAPLAN:  No, today is the 10th, so it was

16  the 8th.

17          THE COURT:  Today is the 10th or the 11th?

18          MR. KAPLAN:  Yes, today is the 10th.

19          MR. SINGER:  That's how I feel.

20          THE COURT:  So it would have been the 8th.

21          Okay.  In any event, anything else, folks?

22          MR. KAPLAN:  All I'm going to say is --

23          THE COURT:  Off the record.

24          (Off the record.)

25          MR. KAPLAN:  One final comment.  The

www.huseby.com            **Huseby, Inc.  Regional Centers**            **800-333-2082**
**Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco**

565

```
 1   Cal-American case cited on Page 5 of our reply
 2   specifically says in a rents and profits receivership,
 3   the receiver can sell the property.  So I don't know
 4   where these arguments are coming from.  That's what the
 5   appellate court said, not an article that Counsel wrote.
 6           Mr. Singer?
 7           THE COURT:  Anything else?
 8           MR. BRODEHL:  The Tuner case, Your Honor,
 9   that's the one case that's essential to read for all of
10   this rents and profits versus general equity
11   receivership stuff.
12           THE COURT:  Thank you.
13           Mr. Singer?
14           MR. SINGER:  Thank you, Your Honor.  Obviously,
15   we're here today to decide whether we're going to go
16   forward with a Court confirmation overbid hearing.  I'm
17   not opposed to that.  We've brought in the buyer two
18   times.  He's sitting here now before us.  He's ready to
19   move forward.  We have an overbidder who was on call
20   last time and is now present in this courtroom today
21   ready to overbid.
22           I'm recommending that we move forward with the
23   sale.  I mean, first of all, it would be fair to these
24   buyers; secondly, to be fair to the plaintiff.  And one
25   may even argue to be fair to the defendant.
```

www.huseby.com                Huseby, Inc.  Regional Centers            800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

566

```
 1          THE COURT:  There won't be a deficiency then;
 2  right?
 3          MR. BRODEHL:  Good question, Your Honor.
 4          THE COURT:  I mean, you've got an overbid.
 5          MR. SINGER:  There certainly will not be.
 6          MR. KAPLAN:  There would not be, Your Honor.
 7          MR. SINGER:  There would not be a deficiency.
 8  I can tell you that.
 9          THE COURT:  I mean, because under these
10  circumstances, it's possible to have a deficiency
11  judgment; right?  That could happen here.
12          MR. BRODEHL:  No, Your Honor.  Only with a
13  judicial foreclosure is that possible.
14          THE COURT:  Well, what I'm getting at is:  That
15  won't happen under these circumstances.
16          In any event, I interrupted you.
17          MR. SINGER:  No problem.  The plaintiff and
18  defendant's counsel and myself really worked to try to
19  settle this case, and it just appears that defendant
20  won't settle it.  This motion for sale has been now
21  challenged via noticed motion, ex parte, and multiple
22  judges in this courthouse have upheld this receivership
23  sale.  And that's why the Filbert property sale went
24  forward, which was another sale of this portfolio.
25          You know, defendant has had about a year now to
```

1  try to settle this, and now we're a year into this and

2  it's still not being settled at this point.  So, you

3  know, I think to put this over again will only cause us

4  to lose our buyers.  It will cause the increase in cost

5  and expense if we have to go through the sales process

6  one more time.  And who knows?  It might even devalue

7  the next sale because they heard about all of the

8  problems that we had with this sale.

9           So those are my thoughts on this matter.

10           THE COURT:  Anything else, folks?

11           MR. KAPLAN:  Submitted, Your Honor.

12           MR. BRODEHL:  No, Your Honor.

13           THE COURT:  What are you requesting, Mr.

14  Kaplan?

15           MR. KAPLAN:  Excuse me?

16           THE COURT:  What's your request for the Court?

17           MR. KAPLAN:  My request is that the motion be

18  granted and that the receiver be permitted to conduct

19  the overbid, which is part of the motion.  I realize

20  there's a lot of people in the courtroom.  And I don't

21  know -- when we did this before Judge Ulmer, we had a

22  single assignment, so we did it right after the hearing,

23  but that may take a while.

24           THE COURT:  May I first take it one step at a

25  time?

www.huseby.com         Huseby, Inc.  Regional Centers         800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

568

**UMPQUA BANK vs XELAN PROP 1, LLC, ET AL.**
**Transcript of Proceedings on 04/10/2019**                    Page 19

1          MR. BRODEHL:  Sure.

2          THE COURT:  I just need to know, legally,

3    you're asking me for an order authorizing the receiver

4    to sell the property?

5          MR. KAPLAN:  Yes, to grant the motion, Your

6    Honor.

7          THE COURT:  That's the motion?

8          MR. KAPLAN:  Yeah.

9          MR. BRODEHL:  It could be an order confirming

10   the sale.  That's the way it was structured.

11         THE COURT:  Why don't we get the order to sell

12   it first.  Okay?  Isn't that what you need right now?

13         MR. KAPLAN:  Yeah.  We have a proposed order

14   that we attached to the motion.

15         THE COURT:  Well, in any event, it's submitted.

16   I'll grant the order.

17         Now, as far as the mechanics of conducting it,

18   if you want to conduct it the way you suggested and

19   Mr. Singer is in agreement with that, I have no problem

20   with that.  I have a couple of other things I think I

21   have to go through.

22         Is that how you want to proceed?

23         MR. SINGER:  Yes, please.  We'll do it last on

24   calendar.

25         THE COURT:  Why don't we then -- for now, let's

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

569

UMPQUA BANK vs XELAN PROP 1, LLC, ET AL.
**Transcript of Proceedings on 04/10/2019**                    **Page 20**

```
 1   table this and we'll have to come back to it.  Is that
 2   right?
 3            MR. SINGER:  Correct.
 4            THE COURT:  Thank you very much.
 5            MR. KAPLAN:  Your Honor, the order I have
 6   basically grants the motion and approves the overbidder.
 7   So it's a combined order, so we should do it at the end.
 8            THE COURT:  Okay.  Thank you.
 9            (Off the record.)
10            THE CLERK:  This is Case Number CGC-18 --
11            THE COURT:  Wait a minute.  The reason I was
12   delayed, I was doing an EPO.  Another one might come in
13   and I've got to be on call.
14            I'm sorry, I interrupted you.  Go ahead.
15            THE CLERK:  Thank you, Your Honor.
16            Case Number CGC-18-564941, Umpqua Bank versus
17   Xelan Property 1.
18            Counsel, state your appearances.
19            MR. KAPLAN:  Good morning, Your Honor.  Once
20   again, Robert Kaplan of Jeffer Mangels Butler & Mitchell
21   LLP for plaintiff, Umpqua Bank.
22            THE COURT:  Thank you.
23            MR. BRODEHL:  Kevin Brodehl for defendant,
24   Xelan Prop 1 LLC.
25            MR. SINGER:  And Kevin Singer, the Superior
```

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

570

1  Court receiver.

2          THE COURT:  Good morning.  Welcome back.

3          Where are we, Mr. Singer?

4          MR. SINGER:  Your Honor, we're here for the

5  Court confirmation overbid hearing of the property at

6  4018-4022 19th Street, San Francisco, California.

7          I just want to advise the Court, in preparation

8  for this hearing, we gave notice to all parties.  The

9  realtor posted public notice of sale on various

10 locations on the property.  We published notice of sale

11 three consecutive times in a county-wide newspaper, in

12 the San Francisco Daily Journal.  Our realtor advertised

13 the hearing on the Multiple Listing Service.  Our

14 realtor e-mailed all interested prospective buyers of

15 this hearing.  Our realtor posted a public notice of

16 sale at the San Francisco Public Library.  And our

17 realtor delivered notice of this hearing to a tenant in

18 Unit Number 7.

19         This has been all filed -- this has all been

20 done by declaration and filed with the court, so it's

21 all in the Court's record, and nobody has objected to

22 our service to conduct this Court confirmation overbid

23 hearing.

24         Your Honor, our current buyer, Kenneth Kaplan

25 and Brandon Kaplan -- or our original buyers, are

1   currently under contract to purchase the property for

2   3,650,000.  We do have an overbidder today, Ting Tsai,

3   who wants to overbid, who has been prequalified and has

4   tendered a 114,000-dollar cashier's check to us to

5   participate today.

6           I just want to check the room at this time to

7   see if there is anybody else in here who wants to

8   participate in this Court confirmation overbid hearing.

9           Seeing that we don't, if I could ask the

10  original buyer and overbidders to come forward at this

11  time and stand in front of their name tags at the

12  counsel table here (indicating).

13          Mr. Kaplan, you're going to be over here

14  (indicating).  You can stand or sit, whatever you

15  prefer.

16          Mr. Tsai, you're going to be over here

17  (indicating).  You can stand or sit, whichever is more

18  comfortable for you.

19          Prior to you taking the bench, Your Honor, I

20  went over the rules today with both parties and gave

21  everybody a chance to answer questions.  But just for

22  your edification, this is an as-is sale with no

23  warranties except for clear title.  If the Court

24  confirms the sale today, they have 20 days to close or

25  their funds will be forfeited.

1        Kenneth Kaplan and Brandon Kaplan are our

2   original buyers and currently have a deposit in escrow

3   of $109,500.  And as I mentioned previously, the

4   overbidder has delivered a 114,000-dollar check to me as

5   a deposit.  And these deposits are nonrefundable if the

6   Court confirms the sale today and they do not close

7   within the 20-day period.

8        The original buyer, Mr. Kaplan, is currently

9   under contract, as I said, to purchase the property for

10  $3,650,000.  So the first overbid today will be

11  3,800,000, and each additional bid will be increased by

12  150,000.

13       Now, the original buyer, Mr. Kaplan, only needs

14  to match a bid to prevail today.  If the overbidder, Mr.

15  Tsai, wins today and does not close the sale within

16  20 days, then Mr. Kaplan will get a chance to purchase

17  the property for his original bid of 3,650,000.  If Mr.

18  Kaplan prevails but does not close the sale within the

19  20 days, Mr. Tsai will get to purchase the property at

20  his highest bid today.

21       I've already asked the parties questions.  I've

22  already answered their questions.  I just want to check

23  to see if you have any questions.

24       THE COURT:  I don't.

25       Does anybody have any further questions in

 1  respect to the procedure that's going to be used or any

 2  other questions?  Because we're going to proceed then.

 3          Is that right, Mr. Singer?

 4          MR. SINGER:  That's right.  We're going to

 5  proceed right here.

 6          (No response heard.)

 7          THE COURT:  I don't hear any responses.  All

 8  right.

 9          MR. SINGER:  I think we did a good job of

10  vetting all of the questions before you got on the

11  bench.

12          THE COURT:  Good.

13          MR. SINGER:  So we're going to begin the

14  bidding process here.  The first overbid is 3,800,000,

15  and it goes to Mr. Tsai.

16          Are you willing to bid 3,800,000 to purchase

17  this property?

18          MR. TING TSAI:  Yes.

19          MR. SINGER:  Yes.  Okay.  Good.

20          Mr. Kaplan, we just go back to you, see if you

21  want to match that offer and that bid.

22          MR. BRANDON KAPLAN:  I do.

23          MR. SINGER:  Great.  Then we go up to the next

24  bid, which is 3,950,000.

25          Mr. Tsai, do you want to go up to that bid

```
 1   level?

 2            MR. TING TSAI:  Yes.

 3            MR. SINGER:  Okay.  He does.  So we'll go back

 4   to Mr. Kaplan.

 5            Do you want to match that bid level at

 6   3,950,000?

 7            MR. BRANDON KAPLAN:  I do.

 8            MR. SINGER:  So then we'll go back to Mr. Tsai.

 9            We're at $4,100,000.  Do you want to go to that

10   bid level?

11            MR. TING TSAI:  Yes.

12            MR. SINGER:  We go back to Mr. Kaplan.

13            Do you want to match that offer at 4,100,000?

14            MR. BRANDON KAPLAN:  I do.

15            MR. SINGER:  Okay.  So we go back to Mr. Tsai

16   at 4,250,000.

17            Do you want to go to that bid level?

18            MR. TING TSAI:  Yes, I do.

19            MR. SINGER:  Great.  We'll go back to Mr.

20   Kaplan.

21            Do you want to match that bid at 4,250,000?

22            MR. BRANDON KAPLAN:  I do.

23            MR. SINGER:  So we go back to Mr. Tsai.

24            We're at 4,400,000.  Do you want to go

25   4,400,000?
```

www.huseby.com                    Huseby, Inc.  Regional Centers                    800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

575

**UMPQUA BANK vs XELAN PROP 1, LLC, ET AL.**
**Transcript of Proceedings on 04/10/2019**                                 Page 26

```
 1              THE COURT:  I thought we were at 4,250,000.

 2              MR. SINGER:  Oh, I thought I said -- are we at

 3   4,250,000?

 4              THE COURT:  That's what I noted.

 5              MR. SINGER:  My apologies.  I'm just trying to

 6   get them -- my apologies.  4,250,000.

 7              MR. TING TSAI:  Yes, I do.

 8              MR. SINGER:  Good.

 9              Mr. Kaplan, do you want to match at 4,250,000?

10              MR. BRANDON KAPLAN:  I do.

11              MR. SINGER:  Great.  So I knew we were going to

12   get here.  I was just trying to get us here quicker.

13              Mr. Tsai, do you want to go to 4,400,000?

14              MR. TING TSAI:  Yes, I do.

15              MR. SINGER:  Good.  We'll go back to Mr.

16   Kaplan.

17              We're at 4,400,000.

18              MR. BRANDON KAPLAN:  I will match it.

19              MR. SINGER:  Okay.  Mr. Tsai, we're at

20   4,550,000.

21              MR. TING TSAI:  4.5; right?

22              MR. SINGER:  4,550,000.  It's a bargain at that

23   price.  You can't let it go at that price.  You've got

24   to jump in.

25              MR. TING TSAI:  Yes, I do.
```

www.huseby.com            **Huseby, Inc.  Regional Centers**            **800-333-2082**
**Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco**

576

**UMPQUA BANK vs XELAN PROP 1, LLC, ET AL.**
Transcript of Proceedings on 04/10/2019                    Page 27

```
 1              MR. SINGER:  Mr. Kaplan, we're back to you at
 2   4,550,000.

 3              MR. BRANDON KAPLAN:  I'll match it.

 4              MR. SINGER:  Mr. Tsai, we're back to you at
 5   4,700,000.

 6              MR. TING TSAI:  No, I'm not going to.

 7              MR. SINGER:  Are you sure?

 8              MR. TING TSAI:  No.

 9              MR. SINGER:  Okay.  So Mr. Kaplan is prevailing
10   at 4,550,000.

11              Mr. Tsai, you have a backup offer at 4,400,000
12   in the event he does not perform on his sale.

13              Your Honor, this concludes our Court
14   confirmation overbid hearing.  We'll prepare an order
15   and we will present it to you because we need to fill in
16   some blanks for you now that we have --

17              THE COURT:  Do you want to see what we've
18   already got?  Is there anything else you need for the
19   record?

20              MR. SINGER:  No.  I just need to fill in these
21   prices.  Offer and backup offer, and then get it to you.

22              THE COURT:  Thank you very much.  Thank you all
23   for coming today.

24              MR. SINGER:  Thank you, Your Honor.  Appreciate
25   it.
```

www.huseby.com              Huseby, Inc. Regional Centers              800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

577

**UMPQUA BANK vs XELAN PROP 1, LLC, ET AL.**
**Transcript of Proceedings on 04/10/2019**                    **Page 28**

```
 1    THE COURT:  Thank you, everybody.

 2    (Proceedings concluded at 11:53 a.m.)

 3

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

www.huseby.com              Huseby, Inc.  Regional Centers              800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

578

**UMPQUA BANK vs XELAN PROP 1, LLC, ET AL.**
**Transcript of Proceedings on 04/10/2019**                    Page 29

```
 1                  REPORTER'S CERTIFICATION

 2

 3      I, Sheila Pham, a Certified Shorthand Reporter, do

 4  hereby certify:

 5      That the foregoing proceedings were taken before me

 6  at the time and place therein set forth, that the

 7  proceedings were reported stenographically by me and

 8  were thereafter transcribed under my direction and

 9  supervision, and that the foregoing pages contain a

10  full, true and accurate record of all proceedings and

11  testimony to the best of my skill and ability.

12      In witness whereof, I have subscribed my name.

13

14

15  Dated: April 15, 2019

16

17

18

19  _____

20          Sheila Pham
            CSR No. 13293
21

22

23

24

25
```

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

579

UMPQUA BANK vs XELAN PROP 1, LLC, ET AL.
Transcript of Proceedings on 04/10/2019 Index: $1,834,270.48..advise

**$**

$1,834,270.48
6:5

$1,869,018.30
5:17

$1.8   5:15

$109,500
23:3

$29,000   6:22
7:3

$29,700   14:1

$29,747.90
6:6

$3,650,000
23:10

$4,100,000
25:9

**1**

1   3:8,19
20:17,24

10   3:1

10:25   3:2

10th   12:1
15:15,17,
18

114,000-dollar
22:4 23:4

11:53   3:2
28:2

11th   15:13,
17

14th   10:9

150,000
23:12

19th   21:6

**2**

2   3:4

20   22:24
23:16,19

20-day   23:7

2018   12:6

2019   3:1

266   9:17

26th   11:5
14:8

2903   9:11
12:14

2905   9:11

2943(a)(5)
9:16

29th   11:8

2:32   5:11

2nd   8:16

**3**

3,650,000
22:2 23:17

3,800,000

23:11
24:14,16

3,950,000
24:24 25:6

3rd   11:25

**4**

4,100,000
25:13

4,250,000
25:16,21
26:1,3,6,9

4,400,000
25:24,25
26:13,17
27:11

4,550,000
26:20,22
27:2,10

4,700,000
27:5

4.5   26:21

4018-4022
21:6

46   9:16

**5**

5   16:1

568.5   14:24

**7**

7   21:18

726   14:18

7:00   5:4

**8**

8:24   5:14
15:11

8th   15:16,
20

**9**

9th   15:13

**A**

a.m.   3:2
15:11 28:2

accepting
9:5

accounting
9:1,2 10:1

accurate
9:15,18,
19,20 10:9
14:3

action   14:17

add   8:12
12:12

additional
23:11

advertised
21:12

advise   10:22
21:7

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

580

UMPQUA BANK vs XELAN PROP 1, LLC, ET AL.
Transcript of Proceedings on 04/10/2019        Index: afternoon..buyer

afternoon
  5:10

agreement
  6:11  7:8
  8:23  11:7,
  12,24
  19:19

agreements
  11:22

ahead  20:14

alternative
  14:20

American  6:2

amount  8:20
  9:18  10:8

apologies
  26:5,6

apparently
  8:3  9:2

appeal  10:2

appearances
  3:9  20:18

appears
  17:19

appellate
  16:5

applied
  15:2,6

apply  14:8

approach  4:2

approve  8:2

approves

20:6

April  3:1
  8:16  11:25
  15:13

argue  16:25

arguing
  10:21

arguments
  12:2  16:4

article
  12:19  16:5

articles
  12:3

as-is  22:22

ascertain
  13:25

assignment
  18:22

attached
  12:19
  19:14

attempt
  13:3,7

attorneys'
  6:9

authorized
  12:24

authorizing
  14:23  19:3

——————————
        B
——————————

back  5:2,9

11:13,15,
24  20:1
21:2  24:20
25:3,8,12,
15,19,23
26:15
27:1,4

backup
  27:11,21

balance  6:4

bank  3:8,13
  5:15  6:22
  7:14  8:24
  9:16  13:2
  20:16,21

bank's  9:4
  10:9  13:7

bargain
  26:22

basically
  11:15  20:6

begin  6:24,
  25  24:13

beginning
  13:24

bench  22:19
  24:11

bid  23:11,
  14,17,20
  24:16,21,
  24,25
  25:5,10,
  17,21

bidding

24:14

bigger  8:22
  9:8

blanks  9:23
  27:16

borrower
  9:11  15:9

Brandon
  21:25  23:1
  24:22
  25:7,14,22
  26:10,18
  27:3

briefed  11:5
  14:8

Brodehl
  3:18,19,20
  4:6,7  8:9,
  11,14,16
  10:18  11:7
  12:12,13
  13:19
  14:16  16:8
  17:3,12
  18:12
  19:1,9
  20:23

brought
  16:17

burden  9:17

Butler  3:12
  20:20

buyer  13:5
  16:17

www.huseby.com        Huseby, Inc. Regional Centers        800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

581

21:24
22:10
23:8,13

**buyers**   16:24
18:4
21:14,25
23:2

_____

_____
                    **C**

**Cal-american**
15:1  16:1

**Cal.app.4th**
9:17

**calculate**
10:10

**calculated**
10:8

**calendar**
19:24

**California**
3:1  9:12
13:22
14:18  21:6

**call**   16:19
20:13

**Calling**   3:4

**captures**
9:20

**case**   3:7,16
9:16  11:3
15:1,3
16:1,8,9
17:19
20:10,16

**cases**   12:17

**cashier's**
22:4

**Cathay**   9:16

**CGC-18**   20:10

**CGC-18-564941**
3:7  20:16

**challenged**
17:21

**chance**   13:8
22:21
23:16

**change**   6:22
7:4,5

**changing**
8:20

**check**   22:4,6
23:4,22

**circumstances**
17:10,15

**cited**   11:3
15:3  16:1

**Civil**   9:10,
15  14:18

**claim**   14:3

**clause**   11:23

**clear**   6:21
8:19  22:23

**CLERK**   3:4,7
20:10,15

**client**   8:6
10:7  11:19

**close**   6:3
8:7  22:24
23:6,15,18

**closing**   11:9

**coauthored**
12:20

**Code**   9:10,
15  14:18

**collect**   7:17

**combined**
20:7

**comfortable**
22:18

**comment**   14:7
15:25

**comments**   5:6
10:20
11:6,10,11
12:1

**company**   5:16
6:1

**complete**
8:25  9:5
13:21

**completely**
14:3

**complied**
14:21

**concept**
12:19

**concluded**
28:2

**concludes**
27:13

**condition**
9:4

**conditioned**
13:21

**conduct**
18:18
19:18
21:22

**conducting**
19:17

**confirmation**
16:16
21:5,22
22:8  27:14

**confirming**
19:9

**confirms**
22:24  23:6

**consecutive**
21:11

**constantly**
6:9

**contacted**
5:7

**contract**
22:1  23:9

**contrary**
6:19

**correct**   4:16
7:25  12:23
20:3

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

582

UMPQUA BANK vs XELAN PROP 1, LLC, ET AL.
Transcript of Proceedings on 04/10/2019          Index: cost..essential

cost  18:4

costs  6:10

counsel  3:9
  4:3 7:9,10
  8:4 12:2,
  4,15 16:5
  17:18
  20:18
  22:12

county-wide
  21:11

couple  10:25
  19:20

court  3:6,
  14,16,17,
  20 4:1,5,
  9,13,16,
  18,20,25
  5:17,20,25
  6:5,13
  7:4,15,19,
  24,25 8:2,
  9,12,15
  10:18,24
  11:14,17,
  20 12:11,
  23 13:12,
  13,16,23
  14:10,13,
  15 15:8,
  12,17,20,
  23 16:5,7,
  12,16
  17:1,4,9,
  14 18:10,
  13,16,24

19:2,7,11,
  15,25
  20:4,8,11,
  22 21:1,2,
  5,7,20,22
  22:8,23
  23:6,24
  24:7,12
  26:1,4
  27:13,17,
  22 28:1

Court's  3:25
  6:19 8:4
  21:21

courthouse
  17:22

courtroom
  16:20
  18:20

creditor
  9:17

current
  21:24

_____

D

Daily  21:12

date  11:9

day  5:4
  8:20 11:9

days  22:24
  23:16,19

dealing  6:1

debt  6:21
  10:14

debtor  13:7

decide  16:15

declaration
  21:20

deed  5:23

deeds  15:2

defendant
  3:19 16:25
  17:19,25
  20:23

defendant's
  17:18

deficiencies
  11:11

deficiency
  17:1,7,10

delayed
  20:12

delivered
  21:17 23:4

demand  8:18,
  19 9:15,23
  10:3,9,11

deposit
  23:2,5

deposits
  23:5

devalue  18:6

dialogue
  11:14
  13:11

disabuse

13:24

discussed
  7:11

documents
  6:10 7:13,
  18 11:22

drafts  5:3
  12:1

_____

E

e-mail  5:9,
  12 7:7

e-mailed
  21:14

edification
  22:22

encumber
  5:21 6:19

encumbering
  7:13

end  20:7

enforcement
  15:5

EPO  20:12

equitable
  9:13

equity  15:4
  16:10

escrow  23:2

essential
  16:9

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

583

UMPQUA BANK vs XELAN PROP 1, LLC, ET AL.
Transcript of Proceedings on 04/10/2019          Index: event..Honor

event   7:6
  13:17  14:4
  15:21
  17:16
  19:15
  27:12

eventual
  10:1

exact   5:17

Excuse   7:19
  18:15

exercise
  10:5

expense   18:5

_____
         F
_____

fair   16:23,
  24,25

faith   13:2

feel   15:19

fees   6:9
  11:10

figure   9:24

figures
  13:24  14:2

Filbert
  17:23

filed   8:2
  11:4  12:4
  21:19,20

fill   27:15,
  20

fill-in-the-
blank   10:5

final   6:12
  9:1  10:1
  13:19
  15:25

fine   11:12

folks   15:21
  18:10

foreclose
  14:18

foreclosure
  14:9,12,
  19,20
  17:13

forfeited
  22:25

forward
  10:23
  16:16,19,
  22  17:24
  22:10

found   5:22
  9:10

Francisco
  3:1  21:6,
  12,16

Friday   5:10

front   22:11

full   10:8

fundamental
  8:18  12:18

funds   22:25

_____
         G
_____

gave   21:8
  22:20

general   15:4
  16:10

give   4:2
  13:7

giving   6:15

goal   4:14,
  16

good   3:11,
  14,15,17,
  18,20  4:25
  13:2  17:3
  20:19  21:2
  24:9,12,19
  26:8,15

grant   19:5,
  16

granted
  18:18

grants   20:6

great   4:1
  24:23
  25:19
  26:11

guess   10:6

_____
         H
_____

handing   4:4

happen   3:22
  17:11,15

happened
  3:24  4:17,
  18,19  5:2
  8:1  10:17

hear   13:18
  14:5  24:7

heard   12:15
  18:7  24:6

hearing   4:2
  5:4,13
  7:12  9:25
  10:1  16:16
  18:22
  21:5,8,13,
  15,17,23
  22:8  27:14

highest
  23:20

hold   10:20

Honor   3:11,
  15,18,23
  4:11,15
  8:19,22
  9:8  10:4
  11:19
  12:13,17
  13:20,22
  16:8,14
  17:3,6,12
  18:11,12
  19:6  20:5,
  15,19
  21:4,24
  22:19
  27:13,24

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

584

UMPQUA BANK vs XELAN PROP 1, LLC, ET AL.
Transcript of Proceedings on 04/10/2019    Index: immune..Manasian

**I**

immune  12:16

inches  4:14

including
  6:14

increase
  18:4

increased
  23:11

indicating
  22:12,14,
  17

injunction
  5:20 7:12
  8:4

interested
  21:14

interrupted
  17:16
  20:14

interrupting
  6:13 7:19

issue  11:5

issues  7:11
  10:21
  12:3,8
  13:18 14:5

**J**

Jeffer  3:12
  20:20

job  24:9

Journal
  21:12

judge  12:25
  18:21

judges  17:22

judgment
  15:5 17:11

judicial
  14:9,11,
  16,19
  17:13

jump  26:24

junior  5:23

**K**

Kaplan  3:11,
  12,23
  4:11,15,
  17,19,22
  5:2,18,22
  6:8 7:2,5,
  22,25
  10:24,25
  11:18
  13:9,10,15
  14:7,11,14
  15:8,10,
  15,18,22,
  25 17:6
  18:11,14,
  15,17
  19:5,8,13
  20:5,19,20
  21:24,25

22:13
  23:1,8,13,
  16,18
  24:20,22
  25:4,7,12,
  14,20,22
  26:9,10,
  16,18
  27:1,3,9

Kenneth
  21:24 23:1

Kevin  3:15,
  18 20:23,
  25

Kihagi  7:7
  13:2

kind  4:20,
  21

kinds  12:8

knew  13:4
  26:11

**L**

law  13:22

lawsuit
  11:20

lawsuits
  11:21

left  10:5

legal  10:21
  11:10
  13:18 14:5

legally  19:2

lender's
  9:14 10:14

level  25:1,
  5,10,17

Library
  21:16

Listing
  21:13

LLC  20:24

LLP  3:12
  20:21

loan  6:21
  9:12,18

locations
  21:10

long  11:4
  12:7

lose  18:4

lot  8:17
  18:20

**M**

made  9:7
  15:9

make  6:14
  10:7

Manasian
  5:5,8,12
  6:2,11 7:6
  8:6 11:13,
  15,24
  13:11

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

585

Mangels   3:12
20:20

March   8:23
10:9 11:5,
8

match   23:14
24:21
25:5,13,21
26:9,18
27:3

math   6:7

matter   3:5
18:9

mechanics
19:17

memorialized
13:12

mentioned
23:3

million   5:15

minute   20:11

Mitchell
3:12 20:20

Monday   5:14
7:7 15:11,
12,14

money   6:3,16
7:24 13:6,
20

month   8:3

months'   9:2

morning
3:11,14,

15,17,18,
20 5:14
15:11
20:19 21:2

mortgage
13:22

motion   8:2
12:7
17:20,21
18:17,19
19:5,7,14
20:6

move   16:19,
22

moving   3:13
10:23

multiple
17:21
21:13

mystery   14:1

_____

**N**

_____

necessarily
7:5

negotiation
8:17

newspaper
21:11

nonjudicial
14:20,22

nonrefundable
23:5

North   6:2

noted   26:4

notice   21:8,
9,10,15,17

noticed
17:21

number   3:4,7
6:12 11:8
20:10,16
21:18

numbers   14:1

_____

**O**

_____

objected
21:21

objections
8:25

obligation
9:14 10:12

October   12:6

offer   24:21
25:13
27:11,21

office   5:3

opposed
16:17

opposing   4:3

opposition
9:7 11:4

order   6:19
12:6 19:3,
9,11,13,16
20:5,7

27:14

original
21:25
22:10
23:2,8,13,
17

overbid
16:16,21
17:4 18:19
21:5,22
22:3,8
23:10
24:14
27:14

overbidder
16:19 20:6
22:2 23:4,
14

overbidders
22:10

_____

**P**

_____

p.m.   5:11

papers   4:24
5:3

Pardon   6:13

part   7:11
10:14
12:18
18:19

parte   17:21

participate
22:5,8

www.huseby.com        Huseby, Inc.  Regional Centers        800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

586

UMPQUA BANK vs XELAN PROP 1, LLC, ET AL.
Transcript of Proceedings on 04/10/2019          Index: parties..quoted

parties   21:8
  22:20
  23:21

party   3:13

pay   9:18

payment   7:14

payoff   6:4,
  6,8,11 7:8
  8:17,19,23
  9:5,15,23
  10:3,9,11
  11:6,7,12
  13:20

payoffs
  13:22

penny   14:3

people   18:20

perform   13:6
  27:12

period   23:7

permissible
  14:17

permitted
  18:18

person   12:24

plaintiff
  3:13 16:24
  17:17
  20:21

point   9:7
  10:15
  13:19
  14:25 18:2

portfolio
  17:24

position
  12:10

possession
  7:15

posted   21:9,
  15

prefer   22:15

preliminary
  8:4

preparation
  21:7

prepare
  27:14

prepared   4:1
  5:3

prequalified
  22:3

present
  16:20
  27:15

pretty   4:25
  8:7

prevail
  23:14

prevailing
  27:9

prevails
  23:18

previously
  23:3

price   26:23

prices   27:21

prior   12:25
  22:19

problem   5:25
  8:22 9:8,
  22 12:18
  17:17
  19:19

problems
  8:18 18:8

procedure
  11:8 14:18
  24:1

proceed
  19:22
  24:2,5

proceedings
  9:25 10:16
  28:2

process   11:2
  18:5 24:14

profits   15:7
  16:2,10

Prop   3:8,19
  20:24

proper   10:3

property
  5:21,24
  6:17,20,21
  7:13,21
  13:3 16:3
  17:23 19:4
  20:17

21:5,10
  22:1 23:9,
  17,19
  24:17

proposed
  8:17 19:13

prospective
  21:14

provide   5:24
  9:15,18

public   21:9,
  15,16

published
  21:10

purchase
  7:20 22:1
  23:9,16,19
  24:16

put   3:21
  4:13 6:12
  13:1 18:3

——————

Q

——————

question
  17:3

questions
  22:21
  23:21,22,
  23,25
  24:2,10

quicker
  26:12

quoted   13:24

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

587

quoting  11:8

---

**R**

raised  12:2

read  16:9

ready  4:12
7:24 13:6
16:18,21

real  6:6,8

realize
18:19

realtor
21:9,12,
14,15,17

reason  20:11

reasons  5:19
8:5

receive  5:6,
13 11:10

received
5:11,15
15:10

receiver
3:16 5:7
7:15,16
8:8,24 9:5
10:13 11:1
12:9,16,18
14:23 15:2
16:3 18:18
19:3 21:1

receiver's
8:25 9:6,9

10:15

receivership
11:2 12:4,
5,25 15:3,
4,5,7
16:2,11
17:22

recollection
3:25

recommending
16:22

reconsideratio
n  12:7

record  3:10
15:23,24
20:9 21:21
27:19

recorded
5:23

redeem  6:16
9:12 13:3

redemption
9:10 10:17
11:1,5
12:14,21
14:8

refresh  3:24

Related  9:14

release  8:25
9:5 13:21

released
7:14

relitigate

12:5

relitigating
11:2

rely  14:25

remain  7:15

remember
12:24

rent  7:17

rents  15:6
16:2,10

reply  11:4
14:8 16:1

reported  3:5

reporter  4:1

request  8:1
18:16,17

requested
5:6

requesting
18:13

required
8:20,24
9:4

resolve  10:3

respect  24:1

response
9:23 24:6

responses
10:25 24:7

rest  9:20

reviewed

11:7

revised  5:3

rights  9:10

Robert  3:11
20:20

room  22:6

rough  3:25

roughly  5:10

rules  22:20

---

**S**

sale  8:2
10:23 11:2
12:5,18
14:12,16,
22,23 15:2
16:23
17:20,23,
24 18:7,8
19:10
21:9,10,16
22:22,24
23:6,15,18
27:12

sales  11:1
12:4,16
14:9 18:5

San  3:1
21:6,12,16

save  4:3,22

secure  6:20

secured
10:12,14

www.huseby.com        Huseby, Inc.  Regional Centers        800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

588

**UMPQUA BANK vs XELAN PROP 1, LLC, ET AL.**
Transcript of Proceedings on 04/10/2019                    Index: sell..Ting

sell   16:3
  19:4,11

service
  21:13,22

settle
  17:19,20
  18:1

settled
  11:21 18:2

short   6:6,23
  7:3 14:2

sign   7:8
  8:6 11:19

Singer   3:15,
  16,17
  10:19,20
  13:18 14:6
  15:8,19
  16:6,13,14
  17:5,7,17
  19:19,23
  20:3,25
  21:3,4
  24:3,4,9,
  13,19,23
  25:3,8,12,
  15,19,23
  26:2,5,8,
  11,15,19,
  22 27:1,4,
  7,9,20,24

single   18:22

sir   8:10
  14:15

sit   22:14,

17

sitting   13:5
  16:18

sounds   6:18

speak   8:8
  12:9

speaks   9:11

specifically
  16:2

speed   8:1

stand   22:11,
  14,17

start   4:11

state   3:9
  20:18

states   13:11

status   9:9

statute   8:21
  12:14,17
  14:24
  15:4,6

statutes
  11:3
  14:21,22

statutory
  9:13 10:16

step   18:24

Stewart   5:16

stipulation
  7:8 11:12

Street   21:6

structured
  19:10

stuff   16:11

submitted
  18:11
  19:15

suggested
  19:18

suggests
  15:5

summarize
  4:23

summary   4:25

Superior
  3:16 20:25

supposed
  6:23
  11:13,14

surprise
  5:18 7:10

surprised
  6:3

————————

————————

T

tab   10:14

table   20:1
  22:12

tags   22:11

taking   22:19

talks   15:1

telling
  13:13

tells   7:16

tenant   21:17

tender   9:19
  10:7,11,12
  15:9

tendered
  22:4

terms   11:6

things   10:13
  19:20

thought   8:7
  13:4,7
  26:1,2

thoughts
  10:22 18:9

Thursday
  5:8,9

thwart   9:9
  10:16

time   4:3
  9:22 10:4
  11:4,21
  12:7 16:20
  18:6,25
  22:6,11

times   16:18
  21:11

Ting   22:2
  24:18
  25:2,11,18
  26:7,14,
  21,25
  27:6,8

www.huseby.com          Huseby, Inc. Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

589

**UMPQUA BANK vs XELAN PROP 1, LLC, ET AL.**
**Transcript of Proceedings on 04/10/2019**          Index: title..years

**title**  5:16
  6:1,2
  22:23

**today**  5:13,
  22 7:1,23
  9:7 15:12,
  15,17,18
  16:15,20
  22:2,5,20,
  24 23:6,
  10,14,15,
  20 27:23

**today's**  9:25

**tomorrow**
  5:10

**transcript**
  3:25 13:12

**trouble**  4:23

**trust**  5:23
  15:2

**Tsai**  22:2,
  16 23:15,
  19 24:15,
  18,25
  25:2,8,11,
  15,18,23
  26:7,13,
  14,19,21,
  25 27:4,6,
  8,11

**Tuesday**  8:7

**Tuner**  16:8

**U**

**Ulmer**  18:21

**Umpqua**  3:8,
  13 5:15
  20:16,21

**understanding**
  6:15 13:1,
  16

**understood**
  13:10,15

**Unit**  21:18

**unknown**  8:5

**unsecured**
  9:21

**unsolicited**
  15:10

**updated**
  11:10

**upheld**  17:22

**V**

**versus**  3:8
  16:10
  20:16

**vetting**
  24:10

**violation**
  8:3

**W**

**Wait**  20:11

**warranties**
  22:23

**Wednesday**
  3:1

**week**  3:21
  4:13 6:15
  7:7 8:16,
  23 10:7

**week's**  4:1
  7:11

**whichever**
  22:17

**wins**  23:15

**wire**  5:15
  15:10

**withdraw**  7:9

**withdrawing**
  11:18

**withdrew**
  11:17

**work**  9:6
  13:22

**worked**  5:4
  17:18

**worth**  9:2

**written**
  11:22

**wrong**  12:23

**wrote**  12:4
  16:5

**X**

**Xelan**  3:8,19
  20:17,24

**Y**

**year**  17:25
  18:1

**years**  10:2
  12:20

www.huseby.com          Huseby, Inc.  Regional Centers          800-333-2082
Charlotte ~ Atlanta ~ Washington, DC ~ New York ~ Houston ~ San Francisco

590

# Exhibit 12

**APP-002**

| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|
| NAME: Kevin R. Brodehl (SBN 197657)<br>FIRM NAME: PATTON SULLIVAN BRODEHL LLP<br>STREET ADDRESS: 6600 Koll Center Parkway, Suite 250<br>CITY: Pleasanton      STATE: CA    ZIP CODE: 94566<br>TELEPHONE NO.: 925-600-1800    FAX NO.: 925-600-1802<br>E-MAIL ADDRESS: kbrodehl@psblegal.com<br>ATTORNEY FOR (name): Defendant XELAN PROP 1, LLC | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**04/15/2019**<br>**Clerk of the Court**<br>BY:DORA LOUIE<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO |
|---|
| STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, CA 94102-4515<br>BRANCH NAME: Civic Center Courthouse |

| PLAINTIFF/PETITIONER: UMPQUA BANK<br>DEFENDANT/RESPONDENT: XELAN PROP 1, LLC, et al. |
|---|

| [x] **NOTICE OF APPEAL**    [ ] **CROSS-APPEAL**<br>**(UNLIMITED CIVIL CASE)** | CASE NUMBER:<br>CGC-18-564941 |
|---|---|

---

**Notice: Please read *Information on Appeal Procedures for Unlimited Civil Cases* (Judicial Council form APP-001) before completing this form. This form must be filed in the superior court, not in the Court of Appeal. A copy of this form must also be served on the other party or parties to this appeal. You may use an applicable Judicial Council form (such as APP-009 or APP-009E) for the proof of service. When this document has been completed and a copy served, the original may then be filed with the court with proof of service.**

---

1. NOTICE IS HEREBY GIVEN that (name):  Xelan Prop 1, LLC

   appeals from the following judgment or order in this case, which was entered on (date):  April 15, 2019

   [ ] Judgment after jury trial

   [ ] Judgment after court trial

   [ ] Default judgment

   [ ] Judgment after an order granting a summary judgment motion

   [ ] Judgment of dismissal under Code of Civil Procedure, §§ 581d, 583.250, 583.360, or 583.430

   [ ] Judgment of dismissal after an order sustaining a demurrer

   [ ] An order after judgment under Code of Civil Procedure, § 904.1(a)(2).

   [ ] An order or judgment under Code of Civil Procedure, § 904.1(a)(3)–(13).

   [x] Other (describe and specify code section that authorizes this appeal):
       Final Order on Collateral Matter (Order Confirming Sale of Xelan Prop 1, LLC's 19th Street, S.F. Property) (See Kan v. Tsang (1948) 87 Cal.App.2d 699.)

2. For cross-appeals only:

   a. Date notice of appeal was filed in original appeal:

   b. Date superior court clerk mailed notice of original appeal:

   c. Court of Appeal case number (if known):

Date:  April 15th, 2019

Kevin R. Brodehl
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 1

**NOTICE OF APPEAL/CROSS-APPEAL (UNLIMITED CIVIL CASE)**
**(Appellate)**

1  **UMPQUA Bank v. Xelan Prop 1, LLC, et al.**
   San Francisco Superior Court No. CGC-18-564941

2

3                              **PROOF OF SERVICE**

4      I, Jennifer Ann Short, declare:

5      I am over 18 years of age and not a party to this action. My business address is Patton
   Sullivan Brodehl LLP, 6600 Koll Center Parkway, Suite 250, Pleasanton, California 94566. On
6  the date set forth below, I served the within:

7  **DEFENDANT XELAN PROP 1, LLC'S NOTICE OF APPEAL**

8  on the parties in this action as listed below:

9      Robert B. Kaplan, P.C.                    *Attorneys for Plaintiff*
       JEFFER MANGELS BUTLER &                   *UMPQUA Bank*
10     MITCHELL LLP
       Two Embarcadero Center, 5th Floor
11     San Francisco, CA 94111-3813

12     Telephone:    415-398-8080
       Facsimile:    415-398-5584
13     rbk@jmbm.com

14     Paul Manasian, Esq.                       *Co-Counsel for Defendant*
       1310 65th Street                          *Xelan Prop 1, LLC*
15     Emeryville, CA 94608

16     Telephone:    415-730-3419
       manasian@mrlawsf.com
17
       Kevin Singer                              *Receiver assigned by the Court*
18     111500 W. Olympic Blvd., Ste. 810
       Los Angeles, CA 90064
19
       kevin@receivershipspecialists.com
20
       Peter J. Keith, Esq.                      *City Attorney*
21     Victoria L. Weatherford, Esq.
       Deputy City Attorney
22     1390 Market Street, 7th Floor
       San Francisco, CA 94102-5408
23
       Peter.keither@sfcityatty.org
24     Victoria.weatherford@sfcityatty.org

25
       [X] (By U.S. First Class Mail) I enclosed the document in a sealed envelope or package addressed
26  to the person(s) listed above by placing the envelope for collection and mailing, following ordinary
   business practices. I am readily familiar with this business' practice for collection and processing
27  correspondence for mailing. On the same day that correspondence is placed for collection and
   mailing, it is deposited in the ordinary course of business with the United States Postal Service, in
28  a sealed envelope with postage fully prepaid.

                                          1

PATTON SULLIVAN    PROOF OF SERVICE                                    Case No. CGC-18-564941
BRODEHL LLP
PLEASANTON, CALIFORNIA

1  [X]    (By Email) Based on a court order or an agreement of the parties to accept service by
electronic transmission, I caused the documents to be sent to the persons at the electronic

2  notification addresses listed above.

3  [X]    (By Electronic Service via File & ServeXpress) Based on a court order, I caused the above-
entitled    document(s)    to    be    served    through    File    &    ServeXpress    at

4  https://secure.fileandservexpress.com addressed to all parties appearing on the electronic service
list for the above-entitled case.  The service transmission was reported as complete and a copy of

5  the File & ServeXpress Filing Receipt Page/Confirmation will be filed, deposited, or maintained
with the original document(s) in this office.

6

7       I declare under penalty of perjury that the foregoing is true and correct and that this
declaration was executed on April 15, 2019 at Pleasanton, California.

8

9                                                          JENNIFER ANN SHORT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PATTON SULLIVAN
BRODEHL LLP
PLEASANTON, CALIFORNIA

PROOF OF SERVICE                                         Case No. CGC-18-564941

594

# Exhibit 13

**KEVIN BRODEHL**, State Bar No.:197657
PATTON, SULLIVAN, BRODEHL LLP
6600 Koll Center Pkwy, Ste, 250
Pleasanton, CA 94566
Telephone: (925) 600-1800
Fax:       (925) 600-1802
Email:     kbrodehl@psblegal.com

**PAUL MANASIAN**, State Bar No.: 130855
1310 65th Street
Emeryville, CA 94608
Telephone: (415) 730-3419
manasian@mrlawsf.com

Attorney for Defendant ZELAN PROP 1, LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| +-<br>UMPQUA BANK, a state-chartered bank,<br><br>Plaintiff,<br><br>v.<br><br>XELAN PROP 1, LLC, a California limited liability company; and Does 1-30, inclusive,<br><br>Defendants. | CASE NO. **CGC-18-564941**<br><br>**NOTICE OF STAY**<br>**[CODE CIV. PROC. §916]**<br><br><br>Action Filed:    March 12, 2018<br>Trial Date:      None Set |

1

## NOTICE OF STAY

TO ALL PARTIES, THE COURT-APPOINTED RECEIVER, AND THEIR ATTORNEYS OF RECORD IN THIS ACTION, PLEASE TAKE NOTICE THAT enforcement of, action taken pursuant to, and any proceedings based upon, the court's orders confirming the sale of Xelan Prop 1, LLC's Filbert Street Property and 19th Street Property are stayed pending appeal pursuant to the Notices of Appeal filed by Xelan on both March 11, 2019 and April 15, 2019, copies of which are attached hereto as **Exhibits A and B.**  (See Code Civ. Proc. §916; *Royal Thrift & Loan Co. v. County Escrow, Inc.* (2004) 123 Cal.App.4th 24, 35-37 [appeal automatically stays sale of property including extra-judicial sale; bond under section 917.4 not required where appellant not in possession or control of property]; *Zappettini v. Buckles* (1914) 167 Cal. 27, 29-31 [automatic stay pending appeal applied to prevent sale of property pursuant to appealed judgment where receiver, not appellant, was in possession of property].)

The stay is effective immediately.  (See Code Civ. Proc. §§995.410(a), 995.420(a).)  All efforts to enforce the trial court's orders, including any proposed sale of the properties (judicially or extra-judicially), must cease until the appeal is resolved.  **Any sale occurring in violation of the automatic stay shall be vacated and set aside.  (Craig v. Stansbury (1918) 37 Cal.App. 668, 670-671; Owen v. Pomona Land & Water Co. (1899) 124 Cal. 331, 332-334.)**  All existing execution liens are hereby extinguished, any properties held pursuant to such liens must be released, and no new execution liens can be created while the stay is in effect.  (Code Civ. Proc. §§697.040(a), 697.050; *California Commerce Bank v. Superior Court* (1992) 8 Cal.App.4th 582, 586-587.)

Dated:  April 15, 2019                              PATTON SULLIVAN BRODEHL LLP


Kevin Brodehl
Attorney for Appellant/Defendant Xelan Prop 1, LLC

2

# EXHIBIT A

1  **CHARLES E. SHELTON (SBN 170048)**
2  LAW OFFICES OF CHARLES SHELTON
   1230 Rosecrans Avenue, Suite 650
3  Manhattan Beach, CA 90266
   Tel: (310) 600-9013
4  Fax: (310) 321-6641
5  Email: csheltonla@gmail.com
6  Attorneys for Defendant XELAN PROP 1, LLC

7
8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9           **FOR THE CITY AND COUNTY OF SAN FRANCISCO**

10  UMPQUA BANK, a state-chartered bank,        CASE NO. CGC-18-564941

11                 Plaintiff,                   **XELAN PROP 1, LLC'S AMENDED**
12                                              **NOTICE OF APPEAL**
13           v.

14  XELAN PROP 1, LLC, a California limited     Action Filed:    March 12, 2018
    liability company; and Does 1-30, inclusive, Trial Date:     None Set
15
16                 Defendants
17
18
19
20

21        Defendant and Appellant Xelan Prop 1, LLC ("Xelan"), by its appellate counsel who is not

22  appearing to represent Xelan in the above-captioned superior court action, hereby appeals from the

23  following separately appealable final order in the above-captioned action:   The entirety of the order

24  filed on February 21, 2019 entitled "Order on Motion for Order: (1) Instructing Receiver to Sell

25  Real Property Asset of Receivership Estate; and (2) Confirming Sale of Real Property [1000-1022

26  Filbert Street, San Francisco, CA]" signed by the Honorable Richard B. Ulmer, Jr. on February 21,

27  2019.   The prior Xelan Notice of Appeal erroneously gave the name of the Court's February 21,

28

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**03/11/2019**
Clerk of the Court
BY:KIMBERLY SEPTIEN
Deputy Clerk

_____
           XELAN PROP 1 LLC'S AMENDED NOTICE OF APPEAL

1   2019 order appealed from as "Order Re Sale of 1000-1022 Filbert Street" signed by the Honorable

2   Richard B. Ulmer Jr.

3      DATED:  March 11, 2019

4                                 By:                                                                    

5                                        Charles E. Shelton
                                        Attorney for Defendant Xelan Prop 1, LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

2

# EXHIBIT B

**APP-002**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO.:

NAME: Kevin R. Brodehl (SBN 197657)

FIRM NAME: PATTON SULLIVAN BRODEHL LLP

STREET ADDRESS: 6600 Koll Center Parkway, Suite 250

CITY: Pleasanton                         STATE: CA      ZIP CODE: 94566

TELEPHONE NO: 925-600-1800        FAX NO.: 925-600-1802

E-MAIL ADDRESS: kbrodehl@psblegal.com

ATTORNEY FOR (name): Defendant XELAN PROP 1, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO

  STREET ADDRESS: 400 McAllister Street

  MAILING ADDRESS:

CITY AND ZIP CODE: San Francisco, CA 94102-4515

  BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: UMPQUA BANK

DEFENDANT/RESPONDENT: XELAN PROP 1, LLC, et al.

| [x] **NOTICE OF APPEAL** ☐ **CROSS-APPEAL** (UNLIMITED CIVIL CASE) | CASE NUMBER: CGC-18-564941 |
|---|---|

---

**Notice: Please read *Information on Appeal Procedures for Unlimited Civil Cases* (Judicial Council form APP-001) before completing this form. This form must be filed in the superior court, not in the Court of Appeal. A copy of this form must also be served on the other party or parties to this appeal. You may use an applicable Judicial Council form (such as APP-009 or APP-009E) for the proof of service. When this document has been completed and a copy served, the original may then be filed with the court with proof of service.**

---

1.  NOTICE IS HEREBY GIVEN that (name):  Xelan Prop 1, LLC

    appeals from the following judgment or order in this case, which was entered on *(date):*  April 15, 2019

    ☐ Judgment after jury trial

    ☐ Judgment after court trial

    ☐ Default judgment

    ☐ Judgment after an order granting a summary judgment motion

    ☐ Judgment of dismissal under Code of Civil Procedure, §§ 581d, 583.250, 583.360, or 583.430

    ☐ Judgment of dismissal after an order sustaining a demurrer

    ☐ An order after judgment under Code of Civil Procedure, § 904.1(a)(2)

    ☐ An order or judgment under Code of Civil Procedure, § 904.1(a)(3)–(13)

    [x] Other *(describe and specify code section that authorizes this appeal):*
       Final Order on Collateral Matter (Order Confirming Sale of Xelan Prop 1, LLC's 19th Street, S.F. Property) (See Kan v. Tsang (1948) 87 Cal.App.2d 699.)

2.  For cross-appeals only:

    a.  Date notice of appeal was filed in original appeal:

    b.  Date superior court clerk mailed notice of original appeal:

    c.  Court of Appeal case number *(if known):*

Date:  April 15th, 2019

_____
Kevin R. Brodehl
          (TYPE OR PRINT NAME)

_____
          (SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
APP-002 [Rev. January 1, 2017]

**NOTICE OF APPEAL/CROSS-APPEAL (UNLIMITED CIVIL CASE)**
**(Appellate)**

Cal. Rules of Court, rule 8.100
www.courts.ca.gov

602

1  **UMPQUA Bank v. Xelan Prop 1, LLC, et al.**
   San Francisco Superior Court No. CGC-18-564941

2

3                              **PROOF OF SERVICE**

4      I, Jennifer Ann Short, declare:

5      I am over 18 years of age and not a party to this action.  My business address is Patton
   Sullivan Brodehl LLP, 6600 Koll Center Parkway, Suite 250, Pleasanton, California 94566.  On
6  the date set forth below, I served the within:

7  **DEFENDANT XELAN PROP 1, LLC'S NOTICE OF STAY**

8  on the parties in this action as listed below:

9  Robert B. Kaplan, P.C.                    *Attorneys for Plaintiff*
   JEFFER MANGELS BUTLER &                   *UMPQUA Bank*
10 MITCHELL LLP
   Two Embarcadero Center, 5th Floor
11 San Francisco, CA 94111-3813

12 Telephone:    415-398-8080
   Facsimile:    415-398-5584
13 rbk@jmbm.com

14 Paul Manasian, Esq.                       *Co-Counsel for Defendant*
   1310 65th Street                          *Xelan Prop 1, LLC*
15 Emeryville, CA 94608

16 Telephone:    415-730-3419
   manasian@mrlawsf.com
17
   Kevin Singer                              *Receiver assigned by the Court*
18 111500 W. Olympic Blvd., Ste. 810
   Los Angeles, CA 90064
19
   kevin@receivershipspecialists.com
20
   Peter J. Keith, Esq.                      *City Attorney*
21 Victoria L. Weatherford, Esq.
   Deputy City Attorney
22 1390 Market Street, 7th Floor
   San Francisco, CA 94102-5408
23
   Peter.keither@sfcityatty.org
24 Victoria.weatherford@sfcityatty.org

25 [X] (By U.S. First Class Mail) I enclosed the document in a sealed envelope or package addressed
   to the person(s) listed above by placing the envelope for collection and mailing, following ordinary
26 business practices.  I am readily familiar with this business' practice for collection and processing
   correspondence for mailing.  On the same day that correspondence is placed for collection and
27 mailing, it is deposited in the ordinary course of business with the United States Postal Service, in
   a sealed envelope with postage fully prepaid.
28

PATTON SULLIVAN
BRODEHL LLP
PLEASANTON, CALIFORNIA

PROOF OF SERVICE                            Case No. CGC-18-564941

1

1   [X]    (By Email) Based on a court order or an agreement of the parties to accept service by
electronic transmission, I caused the documents to be sent to the persons at the electronic
2   notification addresses listed above.

3   [X]    (By Electronic Service via File & ServeXpress) Based on a court order, I caused the above-
entitled    document(s)    to    be    served    through    File    &    ServeXpress    at
4   https://secure.fileandservexpress.com addressed to all parties appearing on the electronic service
list for the above-entitled case. The service transmission was reported as complete and a copy of
5   the File & ServeXpress Filing Receipt Page/Confirmation will be filed, deposited, or maintained
with the original document(s) in this office.

6

7        I declare under penalty of perjury that the foregoing is true and correct and that this
declaration was executed on April 15, 2019 at Pleasanton, California.

8

9

10                                                          JENNIFER ANN SHORT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PATTON SULLIVAN
BRODEHL, LLP
PLEASANTON, CALIFORNIA

PROOF OF SERVICE                                    Case No. CGC-18-564941

604